WALTZER, Judge.
This is an appeal from a March 14, 1992 judgment of the Office of Workers’ Compensation granted in favor of the claimant, John P. Weaver, and against the Employer, Harmony Construction Co. The hearing officer found the claimant to be temporarily, totally disabled and ordered defendant to pay claimant past due temporary total disability worker’s compensation benefits from March 1, 1990, the date on which defendant terminated payment, through the present at a rate of $276.00 per week with interest on the past due installments from the due date until paid. The judgment further provided that defendant was ordered to pay temporary total disability compensation at a rate of $276.00 per week into the future as long as claimant is disabled, past and future medicals, and an expert witness fee of $500.00. Claims for penalties and attorneys fees were denied.
The hearing officer provided the following reasons for judgment.
This is a typical compensation case. There is a split in the medical. Dr. Robert Fleming testified that the claimant is suffering from a disabling injury, spon-dylolitis, which was caused or contributed to by the accident and that he is still temporarily disabled. The defendant produced four doctors who testified that the plaintiff was not disabled. With this split in the medical, it became necessary to resort to the lay evidence. The plaintiff and his wife testified. The Hearing Officer observed very closely their testimony and their demeanor on the witness stand to determine whether they were lying. Their demeanor and testimony convinced the Hearing Officer that the plaintiff was telling the truth when he said that he could not return to work because of pain. He tried to return to work once but was unable to do so. At the time of the accident claimant was making about $480.00 per week. His rate of compensation was $276.00 per week. He has received no compensation since March 1, 1990. He has never been in a previous accident or made a previous claim for compensation or injury, and, despite a rather harassing cross-examination the Hearing Officer was convinced by the preponderance of the evidence that he was telling the truth.
On appeal, the employer-appellant raises the following specifications of error:
1. The hearing officer erred in finding that plaintiff’s spondylosis was an “injury” caused or contributed to by a work related accident.
2. The hearing officer was wrong in finding that plaintiff’s testimony that he could not work was credible.
3. The hearing officer was wrong in finding that plaintiff sustained his burden of proof that he was disabled from doing any work.
4. The hearing officer erred in not requiring plaintiff to prove his case by clear and convincing evidence as required by R.S. 23:1221 as amended in 1990.
5. The hearing officer erred in finding plaintiff temporarily and totally disabled after March 1, 1990.

Assignment of Error #1

Harmony complains that the hearing officer erred in finding that plaintiff’s spondylosis was an “injury” caused or contributed to by a work related accident. Claimant, a 26 year old male was lining a flange on a piece of pipe, when some hot water fell on the plaintiff. In order to avoid being scalded, the worker jumped out of the way, became unstable and struck his chest on a pipe and then was thrown off balance, slipping a distance of 4-5 feet, struck his chest on a flange, and then fell on the scaffolding below.
Unbeknownst to the claimant he had a misalignment of the spine at the L5 on SI with slippage which had become symptomatic due to the accident on September 12, 1989. Employer-appellant did not dispute that this accident occurred in the course and scope of claimant’s employment as a pipefitter. In fact, the employer stipulated employment status, work-relatedness of *140 the accident and that the accident was not the result of any misconduct on claimant’s part which would have prevented him from claiming worker’s compensation benefits. It is a general rule that a plaintiff is to be taken as found, and if he has a preexisting condition that is aggravated by the accident then the defendant is responsible for that consequence. The plaintiff suffered from an asymptomatic birth or developmental defect. The accident caused the defect to become symptomatic. In George v. Marcantel Feed Stores, Inc., 434 So.2d 440, (La.App.3rd, 1983) the Louisiana Third Circuit found that an asymptomatic spondoly-sis made symptomatic by a work related accident was a work related injury entitling claimant to compensation. This assignment of error lacks merit.

Assignment of Error #2 and #3

Defendant asserts that Weaver’s testimony concerning his inability to work should have been rejected by the hearing officer. Additionally, defendant complains that claimant did not meet the burden of proof that he was disabled from doing any work. Both of these specifications of error involve questions of credibility.
On appeal, the standard of appellate review in workmen’s compensation cases was discussed in Behmke v. K-Mart Corp., 581 So.2d 291, 293 (La.App. 5th, 1991) in which the court stated:
“It is settled law in this State that a ‘reviewing court must give great weight to the factual conclusions arrived at by the trier of fact, and reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed even though the appellate court may feel that its own evaluations and inferences are as reasonable.’ (citations omitted). A plaintiff’s uncontradicted evidence of pain can support a finding of substantial and appreciable pain. In evaluating evidence, a trier of fact should accept as true the uncontradicted testimony of a plaintiff witness absent a sound reason for its rejection and these factual findings are to be given great weight (citations omitted). Whether an employee’s pain is substantial enough to render him disabled within the meaning of the worker’s compensation law is a question of fact to be determined by the trier of fact (citation omitted). In evaluating evidence, a trier of fact should accept as true the uncontradicted testimony of a plaintiff witness absent a sound reason for its rejection and these factual findings are to be given great weight.”
The hearing officer specifically states in his reasons for judgment:
“Their demeanor and testimony convinced the Hearing Officer that plaintiff was telling the truth when he said that he could not return to work because of pain.”
Defendant points to the finding of four defense doctors who determined that the plaintiff could return to light duty, whereas the plaintiff’s treating physician consistently found that the plaintiff could not return to work. Because plaintiff drove or was driven some 190 miles from Alabama while allegedly in pain in order to see his treating physician in New Orleans, defendant reasons that Weaver was in reality able to work and faking his symptoms. Three of the four defense doctors each saw the plaintiff only once for evaluation; the fourth doctor saw the plaintiff twice for evaluation. In contrast, Dr. Robert Fleming was plaintiff’s treating physician and followed his case from its inception. But for two visits to Dr. Nelms in Mobile, Alabama, Dr. Fleming treated plaintiff continuously. Plaintiff, who is from McIntosh, Alabama had left his family there and trav-elled to Louisiana to obtain work. He was residing with his wife’s sister at the time of the accident. After the accident and while plaintiff was undergoing therapy, plaintiff, who was lonesome for his family, asked Dr. Fleming if he could return to Alabama to be with them. Dr. Fleming agreed and told plaintiff to continue therapy. In Alabama, Dr. Fleming’s referral for therapy was not accepted because Fleming was not licensed in Alabama. Accordingly, Fleming referred the plaintiff to Dr. Nelms, who Fleming had met once at a convention, so that Nelms could refer plaintiff for therapy. Plaintiff said he continued to see Fleming after he was discharged by Nelms, *141 because he was still in a great deal of pain and Nelms did nothing to help his back pain.
None of the four doctors contradicted plaintiffs testimony that he was in pain and plaintiff continues to take pain medication. Dr. Fleming testified that while plaintiff is certainly not abusing the pain medication, he continues to take it appropriately for pain. A finding that pain prevents a claimant from working is a question of fact. Valley v. American Ins. Co., 510 So.2d 449, 454 (La.App. 3rd Cir.1987). The hearing officer obviously believed the plaintiff. We agree with the trial judge’s credibility call. Weaver had never made a claim for compensation or any claim for damages of any type, nor had he ever seen a doctor and was unaware of his birth or developmental defect until it became symptomatic when the accident occurred. Additionally, claimant tried to work after the accident for 2-3 weeks, but was unable to do so without pain or endangering his back even further. The hearing officer found that the plaintiff was telling the truth and was convinced by the preponderance of the evidence that he was truthful. The trial court’s determinations as to whether a worker’s testimony is credible and whether the worker has discharged his or her burden of proof are factual determinations not to be disturbed on review unless clearly wrong or absent a showing of manifest error. Gonzales v. Babco Farms Inc., 535 So.2d 822, 824 (La.App. 2d Cir.1988) writ den. 536 So.2d 1200 (La.1988). The manifest error/clearly wrong standard of appellate review applies in compensation actions. Attempting to give meaning to the nebulous term ‘clearly wrong’ and manifestly erroneous, the Supreme Court recently enunciated the following general principles that govern an appellate court’s power to reverse a trial court’s factual findings:
“When findings are based on determinations regarding the credibility of witnesses, the manifest error/clearly wrong standard demands great deference to the trier of fact’s findings; for only the fact-finder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener’s understanding and belief in what is said. Where documents or objective evidence so contradict the witness’s story, or the story itself is so internally inconsistent or implausible on its face that a reasonable fact finder would not credit the witness’s story, the court of appeal may well find manifest error or clear wrongness even in a finding purportedly based upon a credibility determination. But where such factors are not present, and a fact-finder’s finding is based on its decision to credit the testimony of one of two or more witnesses, that finding can virtually never be manifestly erroneous or clearly wrong.”
Rosell v. Esco, 549 So.2d 840, 944-45 (La.1989); cited in Bruno v. Harbert Intern. Ins., 593 So.2d 357 (La.1992). These assignments of error lack merit.

Assignment of Error # 4

Harmony further argues that plaintiff failed to carry his burden of proof under LSA-R.S. 23:1221 as amended. More particularly, defendant asserts that under the heading “Temporary Total Disability,” paragraph (l)(c) of the new statute, a claimant is now required to prove that he is disabled “by clear and convincing evidence”. He further asserts that the case should be governed by LSA-R.S. 23:1221 as amended and effective January 1, 1990, and not by LSA-R.S. 23:1221 in effect at the time of accident. A reading of both the former 1983 and new 1990 version shows that the legislature gave more restrictive guidelines and definitions to be followed in the 1990 version. The 1983 law simply provided in reference to temporary total disability:
1. For injury producing temporary total disability of an employee to engage in any self-employment or gainful occupation for wages whether or not the same or similar occupation as that in which the employee was customarily engaged when injured and whether or not an occupation for which the employee at the time of injury was particularly fitted by reason of education, training, or experience, sixty-six and *142 two-thirds percent of wages during the period of such disability.
There was room under that statute for a variety of judicial interpretations and various findings which could then be implemented by referring to preceding jurisprudence rather than by reference to particular guidelines in the statute itself. The new statute provides as follows:

Temporary Total

(l)(a) For any injury producing temporary total disability of an employee to engage in any self-employment or occupation for wages, whether or not the same or a similar occupation as that in which the employee was customarily engaged when injured, and whether or not an occupation for which the employee at the time of injury was particularly fitted by reason of education, training, or experience, sixty-six and two-thirds percent of wages during the period of such disability.
The only change in that paragraph consists of the addition of the word “any”. Additionally, there are now several sub-parts under the heading “Temporary total”, which previously were not in existence. In subparagraph 1(c) of the new statute, the employee’s proof of temporary total disability is to be by “clear and convincing evidence.” When plaintiff was injured the new statute was not in effect. We conclude that plaintiff has met his burden of proof under the former as well as the current statute. This assignment of error is likewise without merit. Assignment of Error #5
Finally, Harmony argues that the hearing officer erred in finding plaintiff temporarily and totally disabled after March 1, 1990. Dr. Fleming testified that plaintiff still suffers with back pain and that he recommends surgery. In Brown v. Knost Roofing Corp., 566 So.2d 1024, 1027 (La.App. 3rd Cir.1990), the court found that when an injured manual laborer is disabled at the time of trial from performing physical labor and is still undergoing medical testing and treatment with an indefinite recovery period, yet it appears reasonably certain he will be able to engage in the same or other gainful occupation within a foreseeable period of time, he is entitled to temporary total disability. The hearing officer was correct on this issue.
For the foregoing reasons the judgment of the trial court is affirmed.
AFFIRMED.