617 So.2d 88 (1993)
Douglas Paul ADAMS
v.
NOLA FLEET SHIPYARD.
No. 92-CA-2100.
Court of Appeal of Louisiana, Fourth Circuit.
March 30, 1993.
*89 Dwight W. Norton, and Bernard V. Davis, New Orleans, for appellee.
Wanda T. Anderson, Law Offices of Charles R. Capdeville, Metairie, for appellant.
Before BYRNES, CIACCIO and JONES, JJ.
BYRNES, Judge.
On July 9, 1991, the plaintiff, Douglas Adams, filed a disputed claim for compensation form with the Office of Worker's Compensation against the defendants NOLA Fleet Shipyard, his employer, and the Fidelity and Casualty Company of New York. After a trial on the merits the Hearing Office rendered judgment in favor of Mr. Adams. Two months later the hearing officer rendered judgment denying defendants' exception of prescription. Defendants appeal.

STATEMENT OF FACTS
On January 16, 1989, the plaintiff injured his right groin and testicle when moving a metal box in the course and scope of his employment at NOLA Fleet Shipyard. The plaintiff was seen by Dr. Ronald S. Swartz on January 27, 1989, complaining of pain in the testicle area. Antibiotics, medication and rest were recommended. Three days later, on January 30, 1989, he was admitted to the hospital as a result of the same complaints. The plaintiff was paid worker's compensation indemnity benefits from January 20, 1989 until he was released by Dr. Swartz to return to work on March 7, 1989.
Plaintiff returned to work at NOLA Fleet Shipyard on March 8, 1989. Due to continued complaints of problems with the testicle, the plaintiff ceased working on January 16, 1990. On February 28, 1990, Dr. Swartz performed an epididymectomy of the right testicle. A second opinion agreeing that this procedure was necessary had been obtained from Dr. Joseph N. Macaluso, Jr. On April 28, 1990, drainage of the right scrotal area was performed and the hematoma of the right testicle were removed. Due to continued complaints of chronic scrotal pain on August 9, 1990, an orchiectomy (removal) of the right testicle was recommended by Dr. Swartz. A second opinion was obtained from Dr. Colfry, who agreed with the procedure suggested by Dr. Swartz. On October 23, 1990, the orchiectomy was performed. On May 7, 1991, the plaintiff consulted Dr. John D. Olson, a neurologist complaining of significant right groin pain, right leg pain, and back pain in the right buttock. It was the opinion of Dr. Olson that the plaintiff had *90 sustained an injury to the right inguinal region and testicle and that the plaintiff also probably had an associated low back syndrome. An MRI scan of the lumbar spine was recommended by Dr. Olson to investigate the back syndrome.
On September 27, 1991, a physical exam by Dr. Swartz resulted in completely normal findings; however, the plaintiff continued to have subjective complaints of pain in the right groin. On November 15, 1991, Dr. Swartz, in a deposition testified that plaintiff could return to work except for his subjective complaints. Moreover, Dr. Swartz testified that notwithstanding the plaintiff's subjective complaints, he thought that plaintiff would say that he felt well enough to do sedentary work.

THE FACT FINDER'S FINDINGS WERE NOT CLEARLY WRONG
The trial court's determination as to whether a worker's testimony is credible and the worker has discharged his or her burden of proof are factual determinations not to be disturbed on review unless clearly wrong or absent a showing of manifest error. (Citation omitted). The manifest error clearly wrong standard of appellate review applies in compensation actions. Weaver v. Harmony Const. Co., 602 So.2d 138 (La.App. 4 Cir.1992) at p. 141.
In Gibson v. Boh Brothers Construction Co., Inc., 553 So.2d 898 (La.App. 4 Cir. 1989) the court held that the plaintiff's testimony alone was not sufficient to meet his burden of proof. However, the court did not hold that as a matter of law a worker's testimony alone is insufficient. The court noted that: "All expert testimony concluded there was no disability from the leg condition." 553 So.2d at 901.
Contrariwise, the very essence of this case is the lack of medical certainty concerning the exact physical location from which plaintiff's pain originates, a situation which necessitates the MRI test requested by plaintiff. None of the doctors who saw plaintiff stated that there was no disability. Dr. Swartz could find no objective physical cause for plaintiff's pain, but he did not conclude that it was bogus. He referred plaintiff to Dr. Olson who felt that an MRI should be done. Although the medical evidence was not particularly supportive of plaintiff's claim, it could not be said to controvert it.
In Gibson the court did not believe Mr. Gibson's testimony that he was disabled because he had work related arthritis of the knee. Mr. Gibson submitted himself to no painful procedures or surgeries in claiming this disability. There was no objective evidence to support his credibility or to substantiate his disability.
The hearing officer's findings of plaintiff's outstanding credibility is supported by the powerfully persuasive objective proof that plaintiff is not a malingerer. We are not dealing with a Gibson plaintiff who has no visible signs of trauma and who at no additional discomfort and inconvenience to himself feigns pains. The hearing officer noted that Mr. Adams' conduct during the course of his treatment and evaluation could be characterized as one of cooperation and candor. It flies in the face of reason to ask this court to believe that the plaintiff deliberately gave up a job where even the defendant/employer testified he was doing well only to subject himself to several particularly nasty, unpleasant and painful surgical ordeals culminating in the loss of his right testicle just so he could collect a subsistence level of compensation benefits.
The hearing officer found the testimony of Scott Boschette, a physical therapist, unpersuasive, and that the testimony of Ralph Klingenberg, a rehabilitation coordinator, was not credible. We find no manifest error. As the testimony of these two non-medical experts was of little or no probative value; and as the testimony of the doctors could not be said to controvert plaintiff's testimony; then we are basically left with plaintiff's uncontradicted testimony. Whether an employee's pain is substantial enough to render him disabled within the meaning of the worker's compensation law is a question of fact to be *91 determined by the trier of fact. Weaver v. Harmony Const. Co., 602 So.2d 138, 140 (La.App. 4 Cir.1992). "In evaluating evidence, a trier of fact should accept as true the uncontradicted testimony of a plaintiff witness absent a sound reason for its rejection and these factual findings are to be given great weight." Weaver, 602 So.2d at 140. The trial judge specifically noted that the plaintiff was "... an outstanding witness. He proved his case by a vast preponderance of the evidence. His demeanor, attitude, manner of answering, eye contact, posture, were that of a completely honest witness."
The hearing officer's finding that the defendants were arbitrary and capricious was neither manifestly erroneous nor clearly wrong. The record shows that even by the defendants' own calculations the plaintiff was significantly underpaid for the undisputed portion of the claim. When this case was argued before this court, counsel for defendants admitted that plaintiff still had not been paid the undisputed portion of his claim, but offered no excuse. We would not like to believe that this might represent a deliberate attempt to starve the plaintiff into submission. Although the hearing officer gave other reasons to support his finding that the insurer was "grossly arbitrary and capricious", we are convinced that the mean spirited behavior of defendants in refusing to pay what was clearly due even under their theory of the case was a factor the hearing officer could have validly considered in determining how to characterize defendant's actions and motives generally. The hearing officer found that the insurer refused to provide medical treatment not on the basis of a medical report but on the basis of a summary made by their attorney from the deposition of a doctor. Defendants argued that the adjuster also reviewed the deposition itself, but the hearing officer would not have been manifestly erroneously in reaching the conclusion that although the adjuster did receive a copy of Dr. Swartz's deposition, she relied only on the attorney's summary and never actually reviewed the deposition. The adjuster testified to nothing more than that she had seen a copy of the deposition. She never testified that she read or studied it. Regardless, we find that Dr. Swartz's deposition does not state that the plaintiff was not in pain and should not have an MRI. When asked if Mr. Adams could return to gainful employment in the manual labor field Dr. Swartz replied:
"Well, he says he can't, and if you believe him, the amount of pain that he's having, then, I would say not."
Dr. Swartz went on to state that he thought Mr. Adams could return to sedentary employment, but that statement was based on the assumption that Mr. Adams would agree that his subjective level of pain would permit him to do so.

Mr. Adam's Claim Did Not Prescribe
NOLA Fleet failed to raise the issue of the trial court's adverse ruling on its exception of prescription/pre-emption. Normally we hold that the appellant who fails to raise an exception on appeal, waives it. However, because of the peremptory nature of this exception; the fact that Mr. Adams addressed the issue in his brief; the record is complete and sufficient to allow us to competently review the issue; we will dispose of the matter. At the trial level, defendant argued that Mr. Adams' back injury was a separate injury that prescribed two years from January 16, 1989, based on a theory of late manifestation of injury pursuant to LSA-R.S. 23:1209. This argument fails to take into account the fact that it was not a separate injury nor does it take into account the fact that LSA-R.S. 23:1209 also provides that prescription does not expire until "one year from the time of making the last payment" which would be one year from December 5, 1991.
The hearing officer included the following reasons when he denied defendant's exception of prescription:
The complaints of pain of the plaintiff in the lower part of his body have been continuous since the accident. He was healthy before the accident. Therefore, there is a causal connection, according to the findings of the Hearing Officer, between *92 the pain, which is the cause of his disability, and the accident unless there is an intervening cause. There was no intervening cause.
The Hearing Officer is not required to find that the back is the cause of his disability or the leg is the cause of his disability or the testicle is the cause of his disability. The Hearing Officer is only required to find there is disability. Once having found disability, he is only then required to find that there is a causal connection between the disability and the accident. He is not required to pin point the cause of the disability.
We agree with the Hearing Officer. Mr. Adams' suffering has been one continuous ongoing process arising out of one accident. The Hearing Officer in his Reasons for Judgment states that:
"On January 15, 1990, [Mr. Adams] had a flare-up ...".
He did not find a new injury or accident, or a late manifestation of an old, but previously undisclosed injury. It was not error for the Hearing Officer to deny the defendant's exception of prescription.

It Was Error To Base The Compensation Rate On An Hourly Rate of $8.50 Per Hour
Wages for the purpose of computing worker's compensation benefits is the average weekly wage at the time of the accident. LSA-R.S. 23:1021. The disputed claim form filed by the plaintiff alleges that the date of the accident was January 16, 1989. All of plaintiff's pleadings up until the date of the trial allege that date. The plaintiff gave that date in his testimony. Although the doctors did not rule out the possibility that Mr. Adams could have aggravated his original injury when he went back to work, there was no proof that he did. The Hearing Officer found that:
"On January 15, 1990, he had a flare-up of pain in the right groin area ...".
* * * * * *
The claimant in this case has had pain in the lower part of his body since the accident in January, 1989. That pain has been continuous.
The Hearing Officer made no finding of a second accident subsequent to January, 1989. The record does not support such a finding. It would have been clearly erroneous. Therefore, it was error to calculate benefits based upon a wage rate of $8.50/hour instead of $7.75/hour.
For the foregoing reasons, we amend that portion of the judgment awarding Mr. Adams' compensation at a rate of $226.68 per week to a rate of $206.68 per week; and we amend the award of attorney's fees to increase that sum from $1,500.00 to $2,500.00 to include this appeal. We affirm the balance of the judgment.
AFFIRMED.