517 So.2d 1186 (1987)
Thomas G. CLARK, Plaintiff-Appellee,
v.
WELEX, A HALLIBURTON COMPANY, Defendant-Appellant.
No. 86-1133.
Court of Appeal of Louisiana, Third Circuit.
December 9, 1987.
Rehearing Denied January 26, 1988.
Writ Denied March 25, 1988.
Onebane, Donohoe, Bernard, Torian, Diaz, McNamera & Abell, James E. Diaz, Lafayette, for defendant-appellant.
Hornsby & Landry, Ashton J. Landry, Lafayette, for plaintiff-appellee.
Before FORET, YELVERTON and KNOLL, JJ.
YELVERTON, Judge.
In this worker's compensation case defendant, Welex, A Halliburton Company, appeals from a judgment awarding plaintiff, Thomas Clark, supplemental earnings benefits.
Clark was employed by Welex as a dispatcher. His duties included answering the phone and keeping logs, sweeping and mopping the break room, dressing room, dispatcher's office, stairwells and platforms, and helping in the loading and unloading of wireline tools. On April 15, 1985 he slipped while mopping the stairs causing him to twist sharply. He caught himself on the stairwell. Thereafter he began to experience back pain and, two or three days after the accident, began to experience leg pain.
The pain progressively worsened. Dr. James McDaniel, an orthopedic surgeon, diagnosed Clark's condition as a herniated disc with left L-5 root injury. A CT Scan confirmed the herniated disc. On May 14, *1187 1985, he underwent a laminectomy and a diskectomy. He was discharged from the hospital on May 16. On June 24, 1985, Dr. McDaniel told Clark he could return to light duty work. On December 16, 1985, the doctor told Clark he could return to his duties as a dispatcher, but he warned plaintiff not to participate in jarring types of activities for a year, and advised him not to bend or stand in one position for long periods, and not to do any heavy lifting, or lifting which would require him to be in an awkward position.
Welex laid the plaintiff off in July 1985. He was paid compensation benefits until December 27, 1985. He has not been employed since the accident. At trial Clark testified that he was able to perform all the duties of dispatcher except one: he said he could not load and unload the tools from the trucks. His testimony was that he had to lift tools weighing between 125-500 pounds, and that he had to load or unload on the average of one truck a night. The plaintiff's superiors disputed the frequency of the unloading and the weight of the tools.
After hearing the testimony and weighing the evidence the trial court found that plaintiff was no longer able to perform all of the duties of dispatcher and that he suffered from a partial disability as a result of the accident. The trial court awarded him supplemental earnings benefits under R.S. 23:1221(3).
Welex has appealed raising two issues: 1) Whether it was manifest error to find plaintiff partially disabled, and 2) Whether it was error to award supplemental earnings benefits based upon the fact the plaintiff was not working at the time of trial.
At the time of the accident La.R.S. 23:1221(3) providing for supplemental earnings benefits read in part:
(a) For injury resulting in the employee's inability to earn wages equal to ninety per cent or more of wages at time of injury, supplemental earnings benefits equal to seventy-four percent of the difference between ninety percent of the average monthly wages at time of injury and average monthly wages earned or average monthly wages the employee is able to earn in any month thereafter in any employment or self-employment, whether or not the same or a similar occupation as that in which the employee was customarily engaged when injured and whether or not an occupation for which the employee at the time of the injury was particularly fitted by reason of education, training, and experience, such comparison to be made on a monthly basis. Average monthly wages shall be computed as four and three-tenths times the wages as defined in R.S. 23:1021(10).
The defendant in its supplemental brief relies on Miller v. Great Southern Oil and Gas Co., 503 So.2d 679 (La.App. 3rd Cir. 1987) as dispositive of the issues. However, in that case this court inappropriately applied the clear and convincing test as the plaintiff's burden of proof under R.S. 23:1221(3). Under the new worker's compensation statute the only subsection where the legislature placed the requirement of proof by clear and convincing evidence was R.S. 23:1221(2). Price v. Fireman's Fund Insurance Co., 502 So.2d 1078 (La.1987).
To qualify for supplemental earnings benefits under R.S. 23:1221(3)(a) a plaintiff is required to prove by a preponderance of the evidence that a work related injury resulted in his inability to earn wages equal to 90% or more of his wages at the time of injury. Gaspard v. St. Paul Fire & Marine Insurance Co., 483 So.2d 1037 (La. App. 3rd Cir.1985); Talley v. Enserch Corp., 508 So.2d 197 (La.App. 3rd Cir. 1987), and Valley v. American Insurance 1987), and Valley v. American Insurance Co., 510 So.2d 449 (La.App. 3rd Cir.1987), writs applied for.
A trial court's factual findings concerning work related disability should not be disturbed on appeal unless the evidence does not furnish a reasonable basis for the findings or the findings are clearly wrong. Valley v. American Insurance Co., supra.
A review of the evidence and the trial court's reasons for judgment shows *1188 that the trial judge relied upon the plaintiff's testimony, concerning his duties of unloading and loading as a dispatcher, in finding that the plaintiff was no longer able to perform his duties as a dispatcher. The trial judge also found that Dr. McDaniel's advice as to restrictions placed upon the plaintiff due to his work-related injury was consistent with the plaintiff's testimony that he would no longer be able to unload the heavy tools. The evidence also showed that plaintiff had been trained to work in the field for Welex prior to being a dispatcher, however he now is no longer capable of handling the heavy machinery required for that job. Due to the restrictions placed upon plaintiff's physical activities, we cannot say that the trial court was clearly wrong in finding him partially disabled as a result of a work-related accident, and in finding that the plaintiff met his burden of proof that he was entitled to supplemental benefits.
The appellant also argues that plaintiff failed to prove that he is no longer able to earn a wage of 90% or more of his wages at the time of injury. We disagree. The evidence shows that plaintiff can no longer perform physical activities requiring heavy lifting, bending or sitting, or standing for long periods of time. The prior jobs that plaintiff had been trained for required heavy lifting or sitting for long periods of time.
In the instant case the employee was not engaged in any employment or self-employment, therefore the amount of supplemental earnings benefits he is entitled to receive is determined according to R.S. 23:1221(3)(c)(i). That statute reads:
(c)(i) Notwithstanding the provisions of Subparagraph (b) of this Paragraph, for purposes of Subparagraph (a) of this Paragraph, if the employee is not engaged in any employment or self-employment, as described in Subparagraph (b) of this Paragraph, or is earning wages less than the employee is able to earn, the amount determined to be the wages the employee is able to earn in any month shall in no case be less than the sum the employee would have earned in any employment or self-employment, as described in Subparagraph (b) of this Paragraph, which he was physically able to perform, and (1) which he was offered or tendered by the employer or any other employer, or (2) which is proven available to the employee in the employee's or employer's community or reasonable geographic region.
The evidence revealed that plaintiff could not perform the jobs he had previously been trained for, and that his employer had not tendered any employment. The record also showed that no other employment was proven available to the plaintiff. The burden is on the employer to show that such work was available to the employee. Valley v. American Insurance Co., supra. The evidence showed that plaintiff had sought employment but that none was available.
For these reasons the judgment of the district court is affirmed at defendant's costs.
AFFIRMED.