SHORTESS, Judge.
Margaret Duke (plaintiff) brought suit to recover worker’s compensation benefits for injuries she sustained during the course and scope of her employment with Wal-Mart, defendant. After a trial on the merits, the trial judge denied plaintiff’s claim. Plaintiff perfected an appeal to this court urging two assignments of error:
The Trial Judge erred in concluding that Mrs. Duke is not disabled under RS 23:1221(1) or RS 23:1221(3) because she lacks motivation to work at this time.
The Trial Judge erred in holding that Mrs. Duke had to prove her case by the “clear and convincing standard” [of RS 23:1221(2)(c) ] instead of by the preponderance standard applicable to RS 23:1221(1) and RS 23:1221(3).
After reviewing the assigned oral reasons of the trial judge, we conclude that he based his denial of benefits on three specific findings. First, plaintiff failed to prove by clear and convincing evidence she is *192 totally and permanently disabled. Second, plaintiff failed to prove by a preponderance of the evidence she is temporarily and totally disabled. Finally, since defendant offered plaintiff a light duty position, she failed to establish by clear and convincing evidence that as a consequence of substantial pain she cannot perform such work. We find the trial judge did not misapply the burdens of proof set forth in LSA-R.S. 23:1221. Therefore, we need only examine in detail plaintiff’s first assignment of error.
Defendant hired the 40-year-old plaintiff on October 14, 1988. Eight days later, on October 22, 1988, a two-foot by three-foot box containing a children’s set of plastic bowling pins and bowling ball fell on plaintiff while she was bent over. The box, estimated to weigh approximately ten pounds, struck the area of her upper back between her shoulder blades. Plaintiff left work that day complaining of pain.
Within days after the accident, plaintiff saw a doctor at the Medical Center, a Baton Rouge hospital. Plaintiff also saw Dr. Bonck and Dr. Cranor at the La Med medical clinic on Florida Boulevard in Baton Rouge. Although these physicians did not testify at trial, according to plaintiff’s testimony, the x-rays taken by Cranor and the physical examinations performed by Bonck and Cranor revealed no objective signs of injury.
On December 5, 1988, plaintiff began treatment with Thomas A. Finn, a Baton Rouge chiropractor. Finn, who, has continued treating plaintiff on a somewhat regular basis, testified plaintiff received serious injuries to the spine as a result of the accident. Finn based his opinion on plaintiff’s physical complaints and x-rays apparently taken by Cranor. The chiropractor believes plaintiff can return to work only after extensive therapy.
At defendant’s request, plaintiff saw Dr. Thad S. Broussard, an orthopedic surgeon specializing in spinal disorders, on January 31, 1989. Broussard physically examined plaintiff and also examined the same x-rays relied on by Finn. Unlike Finn, Broussard found no objective evidence which explained plaintiff’s numerous subjective complaints. Broussard opined that plaintiff can work without restriction and needs no orthopedic intervention.[1]
The trial judge stated in his oral reasons that he rejected Finn’s testimony and that, based on the evidence he heard, he did not believe plaintiff’s pain to be so severe that it disabled her from being able to work. Moreover, the trial judge placed emphasis on the testimony of Richard Simmons, the assistant manager of Wal-Mart, who stated that defendant had light duty work plaintiff could perform.
As a general rule, a trial court has great latitude in determining whether a party is disabled within the meaning of the Worker’s Compensation Act. This court has previously stated that:
The finding of disability within the framework of the worker’s compensation law is a legal rather than purely a medical determination. It is the totality of the evidence, both medical and lay testimony, which must be examined by the trial court in making its determination on the question of disability, and it is the function of the court to assess the weight to be accorded such testimony. The opinion of a physician or other medical expert does not necessarily determine a legal disability, and the court may accept or reject the opinion expressed by a medical expert depending upon what impression the qualifications, credibility and testimony of that expert make upon the court.
(Citation omitted.) Green v. Cement Products Services, 526 So.2d 493, 497-98 (La. App. 1st Cir.), writ denied, 531 So.2d 270 (La.1988).
Plaintiff has the burden of proving her case, and in this case, chose to rely on the testimony of Finn, a friend, and a family member. Finn stated that he found objective evidence of injury. However, Brous- *193 sard failed to find any objective evidence after examining the same data, and, according to plaintiff, Cranor and Bonck also found no objective evidence of injury. The trial court, after hearing all of the medical and lay testimony, concluded plaintiff failed to prove her case. Based upon the record before us, we cannot conclude the trial judge committed manifest error in reaching his decision. See Owens v. Georgia Pacific Corporation, 535 So.2d 990 (La.App.So.2d Cir.1988); LeBlanc v. Consolidated Aluminum Co., 401 So.2d 1082 (La.App. 3d Cir.) writ denied, 409 So.2d 617 (La.1981); and Carter v. Woolco Department Store, 379 So.2d 759 (La.App. 4th Cir.1979), writ denied, 383 So.2d 12. (La.1980).
For the foregoing reasons, the trial court’s decision is affirmed at plaintiffs costs.
AFFIRMED.

. Broussard did not testify at trial; however, defendant introduced his deposition into evidence.