632 So.2d 332 (1993)
Calvin MORRIS
v.
NORCO CONSTRUCTION COMPANY and United States Fidelity and Guaranty Insurance.
No. CA 93 0156.
Court of Appeal of Louisiana, First Circuit.
December 29, 1993.
Rehearing Denied February 23, 1994.
*333 Denise A. Vinet, Vinet & Vinet, Baton Rouge, for plaintiff-appellant Calvin Morris.
Terri Maderson Collins, Hoover & Collins, Baton Rouge, for defendant-appellee Norco Const., et al.
Before CARTER, GONZALES and WHIPPLE, JJ.
GONZALES, Judge.
This is a suit for worker's compensation benefits. Plaintiff, Calvin Morris, appeals a judgment rejecting his demands for supplemental earnings benefits, penalties, and attorney fees.

FACTS AND PROCEDURAL HISTORY
On October 10, 1990, plaintiff injured his back while in the course and scope of his employment as a laborer with Norco Construction Company (Norco). He was paid weekly compensation benefits by Norco's worker's compensation insurer, United States Fidelity and Guaranty Insurance (USF & G), in the amount of $203.00 from October 24, 1990 until January 22, 1991, based on a weekly wage of $305.00. On June 11, 1991, plaintiff was paid a lump sum in the amount of $4,060.00 representing past compensation benefits from January 22, 1991 through June 11, 1991. From June 11, 1991 through December 24, 1991, plaintiff was paid supplemental earnings benefits in the amount of $406.00 every other week. Benefits were terminated due to plaintiff's failure to appear at two appointments with an orthopedic surgeon for an independent medical examination.
Thereafter, plaintiff filed a "Disputed Claim for Compensation" with the Office of Worker's Compensation seeking continued benefits. At a hearing held on April 1, 1992, the testimony of plaintiff and Lois Hebert, an adjuster for USF & G, was heard. Additionally, the depositions of four physicians who *334 examined plaintiff as well as other exhibits were entered into the record. On July 31, 1992, the hearing officer rendered a judgment in favor of Norco and USF & G, dismissing plaintiff's claim with prejudice. In his written reasons for judgment, the hearing officer stated:
The burden of proof in a workman compensation [case] is on the claimant and in this case it is not necessary to prove that he suffered an accident within the course and scope of his employment, not that he was, for a period of time temporally (sic) totally disabled. For SEB [supplemental earnings benefits], he has to prove that he has made a diligent effort to obtain work in his geographical area which he could perform and which paid only ... (90%) ninety percent or less ... [of] his preinjury earnings. It has been determined that the [claimant] has not carried his burden of proof. It also follows that penalty (sic), interest and attorney fees are not assessed against the defendants.
Therefore, [j]udgment is rendered in favor of the defendant[s].
Plaintiff appeals the decision of the hearing officer arguing that he erred in denying the supplemental earnings benefits and in failing to find that the termination of benefits was arbitrary and capricious.

SUPPLEMENTAL EARNINGS BENEFITS
In order to receive supplemental earnings benefits,[1] plaintiff must prove that a work-related injury resulted in his inability to earn wages equal to ninety percent or more of his wages at the time of his injury. Daigle v. Sherwin-Williams Company, 545 So.2d 1005, 1007 (La.1989). "In determining if an injured employee has made out a prima facie case of entitlement to supplemental earnings benefits, the trial court may and should take into account all those factors which might bear on an employee's ability to earn a wage." Daigle v. Sherwin-Williams Company, 545 So.2d at 1007 quoting Gaspard v. St. Paul Fire & Marine Insurance Company, 483 So.2d 1037, 1039-1040 (La. App. 3d Cir.1985). Once the plaintiff proves his inability to earn ninety percent of his pre-injury wages, the burden of proceeding with the evidence is on the employer, who can defeat or reduce benefits only by showing that the employee is earning less than he is able to earn. Allen v. City of Shreveport, 618 So.2d 386, 389 (La.1993). Under Daigle, the employer must prove that the employee is physically able to perform a certain job and that the job was offered to him or was available to him in a reasonable geographic location. Allen v. City of Shreveport, 618 So.2d at 389.

STANDARD OF REVIEW
In Smith v. Louisiana Department of Corrections, 618 So.2d 1065, 1068 (La.App. 1st Cir.), writ granted on other grounds, 620 So.2d 855 (La.1993), this court held that the standard of review to be applied to appeals from decisions of hearing officers of the Office of Worker's Compensation should be the same standard applied to a district court decision. See also Key v. Insurance Company of North America, 605 So.2d 675, 678 (La.App.2d Cir.1992). In the instant case, the hearing officer determined that plaintiff did not carry his burden of proving that "he ha[d] made a diligent effort to obtain work in his geographical area which he could perform and which paid only ... (90%) ninety per *335 cent [sic] or less [than] his pre-injury earnings."[2]
We interpret this statement as a factual conclusion by the hearing officer that plaintiff failed to prove that he sustained a work-related injury which precluded him from earning ninety percent of his pre-injury wages. All of the physicians who examined plaintiff, including his treating physician, agreed that plaintiff suffered no permanent disability from the injury. Dr. Stephen M. Wilson, an orthopedic surgeon and independent medical examiner chosen by defendants to examine plaintiff, was of the opinion that plaintiff "could return to any type of activity he desired." Dr. Anthony S. Ioppolo, a neurosurgeon and a second independent medical examiner chosen by defendants, also found that "there [are] no medical restrictions that I would need to place upon this patient whatsoever." Plaintiff's treating physician, Dr. Marvin E. Clifton, was the only examining physician who placed restrictions on plaintiff's return to work.
The question of whether plaintiff's injury prevents him from obtaining employment earning ninety percent of his pre-injury wages is a question of fact. Smith v. Louisiana Department of Corrections, 618 So.2d at 1068-1069. Thus, we may not set aside the hearing officer's findings in this regard absent manifest error, or unless they are clearly wrong. Stobart v. State, Department of Transportation and Development, 617 So.2d 880, 882 (La.1993). It is the function of the trial court, or in this case, the hearing officer, to assess the weight to be accorded medical expert testimony. Green v. Cement Products Services, Inc., 526 So.2d 493, 498 (La. App. 1st Cir.), writ denied, 531 So.2d 270 (La.1988). Although the diagnosis of a treating physician is generally entitled to more weight than the diagnosis of physicians consulted solely for litigation purposes, a trial court still has the power to accept or reject the opinion expressed by a medical expert depending upon what impression the qualifications, credibility, and testimony of that expert make upon the court. Duke v. Wal-Mart Stores, Inc., 572 So.2d 191, 192 (La. App. 1st Cir.1990) quoting Green v. Cement Products Services, Inc., 526 So.2d at 497-498. Where there are two permissible views of the evidence, the factfinder's choice between them cannot be manifestly erroneous or clearly wrong. Martin v. East Jefferson General Hospital, 582 So.2d 1272, 1277 (La. 1991). The hearing officer, after having evaluated all of the medical and lay testimony, concluded that plaintiff failed to prove his case. Based upon the record before us, we cannot conclude that the hearing officer committed manifest error in reaching this decision.
For the foregoing reasons, we affirm the decision of the hearing officer and dismiss plaintiff's appeal. No costs are assessed in this pauper suit.
AFFIRMED.
NOTES
[1] The statutory provision applicable to supplemental earnings benefits is La.R.S. 23:1221(3)(a) which reads:

For injury resulting in the employee's inability to earn wages equal to ninety percent or more of wages at time of injury, supplemental earnings benefits equal to sixty-six and two-thirds percent of the difference between the average monthly wages at time of injury and average monthly wages earned or average monthly wages the employee is able to earn in any month thereafter in any employment or self-employment, whether or not the same or a similar occupation as that in which the employee was customarily engaged when injured and whether or not an occupation for which the employee at the time of the injury was particularly fitted by reason of education, training, and experience, such comparison to be made on a monthly basis. Average monthly wages shall be computed as four and three-tenths times the wages as defined in R.S. 23:1021(10).
[2] This statement is not totally clear. If interpreted to mean that plaintiff was denied supplemental earnings benefits because he failed to establish his diligence in searching for employment after his injury, then this statement is legally erroneous. As previously stated, the plaintiff's burden of proof in a claim for supplemental earnings benefits is to prove his inability to earn ninety percent of his pre-injury wages; it is the employer's burden to prove the availability of employment which the plaintiff is able to perform and which is in the appropriate geographic region. However, a determination that the hearing officer incorrectly stated the law does not require reversal in this case because his judgment denying plaintiff's claim for supplemental earnings benefits is correct and clearly supported by the record.