jJDECUIR, Judge.
Garry W. McClinton filed this suit seeking worker’s compensation benefits for an injury he sustained in the course and scope of his employment with Rapides General Hospital. The hearing officer found that McClinton was not entitled to any benefits.

FACTS

On May 26, 1986, McClinton injured his back while carrying out his assigned housekeeping duties at Rapides General Hospital. After reporting the injury to his supervisor, McClinton returned to work and completed his shift. The next morning he had difficulty moving and went to the emergency room. He was prescribed medication and advised not to work for two weeks. He was then referred to Dr. John Weiss, an orthopedist.
|2Pr. Weiss examined McClinton and felt that the present injury had aggravated preexisting scoliosis. He referred McClinton to Dr. Jesse Dickson, who performed back surgery on July 29, 1987. Dr. Dickson implanted a steel Harrington rod and fused the spine from T10-L4. McClinton wore a hard brace 24 hours per day for six months post-surgery and removed it for showers and at night for an additional six months.
McClinton received temporary total disability benefits from May 26, 1986 to May 8, 1987, when he went to work at Domino’s Pizza. He received Supplemental Earnings Benefits while working at Domino’s. After leaving Domino’s, temporary total disability benefits were reinstituted for the period July 28, 1987 to April 2, 1990. Supplemental Earnings Benefits were paid April 3, 1990 to April 30, 1990, at which point benefits were terminated.
During his disability, McClinton participated in the La Jet Program through the state welfare office, but was unable to find work. He went to Job Service, a state employment agency, for a while, but stopped going in April, 1991. In December of 1991, Mutual of Omaha sent McClinton to a two-day school, but he cancelled taking the insurance licensing test on two occasions.
McClinton claims to have applied for numerous jobs but has been unable to find work. His testimony regarding specific applications was contradicted by three prospective employers. None of these employers has any record of applications from McClin-ton despite job openings and policies requiring that such applications be kept on file.
At the time of trial, McClinton was 31 years old. He had no future appointments scheduled with any physician and had taken *536 no pain medication during the period February, 1988 through May, 1991. He was unable to say how often he has severe pain, though he claims to have to go to bed from 1 to 3 days per month and use over-the-counter medication and heating pads or alcohol.
McClinton did not consult with his physician for a period of two and a half years, except for two trips to the | ¡¡emergency room, which coincided with his first scheduled insurance licensing exam, and an appointment with Dr. Weiss, which coincided with his second scheduled insurance licensing exam. Dr. Weiss noted that he felt it unusual that McClinton presented himself for examination 4 weeks before his compensation hearing, when he had not reported any difficulty for such a long period previously.
In addition, Dr. Dickson released McClin-ton to light duty work and approved numerous positions suggested by rehabilitation consultants for the defendant. McClinton was seen by Dr. Kingsley, an orthopedic surgeon, for purposes of Social Security Disability Determination. Dr. Kingsley found that McClinton could engage in some form of employment or self-employment and sanctioned several positions approved by Dr. Dickson.
Finally, video tapes introduced by Rapides General show McClinton mowing lawns. McClinton acknowledged at trial that he mows lawns on occasion.
Based on these facts, the hearing officer found that McClinton had failed to carry his initial burden of showing disability and therefore was not entitled to Supplemental Earnings Benefits. McClinton brought this appeal.

LAW AND DISCUSSION

To qualify for Supplemental Earnings Benefits, a claimant must prove by a preponderance of the evidence that a work related injury resulted in his inability to earn wages equal to 90% or more of his wages at the time of injury. Daigle v. Sherwin-Williams Co., 545 So.2d 1005 (La.1989); Tassin v. Cigna Ins. Co., 583 So.2d 1222 (La.App. 3d Cir.1991); Clark v. Welex, a Haliburton Co., 517 So.2d 1186 (La.App. 3d Cir.) writ denied, 521 So.2d 1170 (La.1988). The next step in the analysis is an examination of what the employee is earning or is able to earn. LSA-R.S. 23:1221(3)(e)(i); Daigle, supra. The most logical interpretation of this provision is that the employer, if he wishes to contend that the employee is earning less than he is able to earn, bears the burden of proving that the employee 1⅛⅛ physically able to perform a certain job and that the job was offered to the employee or is available to the employee in his or the employer’s community or reasonable geographic region. Daigle, supra; Hebert v. Grey Wolf Drilling, 611 So.2d 674 (La.App. 3d Cir.1992); Tassin, supra; Clark, supra.
McClinton argues that the hearing officer inappropriately placed the initial burden of proof on McClinton. This argument is based on language by the hearing officer citing McClinton’s failure to put on evidence regarding his ability to work. This language tracks language in Hebert, supra, which dealt with the second step of the analysis of entitlement to Supplemental Earnings Benefits. It is clear from our reading of the record and the written reasons that the hearing officer found that McClinton failed to establish the first step in the Supplemental Earnings Benefit analysis. That is, he failed to show that he is incapable of earning 90% or more of his pre-accident wages due to an on-the-job injury.
The manifest error standard of review applies in worker’s compensation cases, and great deference is accorded to the factual findings and reasonable evaluations of credibility of the hearing officer. Rosella v. DeDe’s Wholesale Florist, 607 So.2d 1055 (La.App. 3d Cir.1992). The hearing officer found that McClinton failed to carry his threshold burden of proof in establishing entitlement to Supplemental Earnings Benefits. We find no error in that ruling.
Having found that claimant is not entitled to benefits, we will not address the remaining assignment regarding penalties and attorney’s fees.
For the foregoing reasons, the judgment of the hearing officer is affirmed. All costs of *537 this appeal are assessed against appellant, Garry McClinton.
AFFIRMED.