639 So.2d 449 (1994)
Lynette F. FARRILL
v.
HAMMOND STATE SCHOOL.
No. 93 CA 1735.
Court of Appeal of Louisiana, First Circuit.
June 24, 1994.
*450 A. Wayne Stewart, Denham Springs, for plaintiff-appellant Lynette F. Farrill.
Margaret H. Kern, Covington, for defendant-appellee Hammond State School.
Before CARTER, GONZALES and WHIPPLE, JJ.
CARTER, Judge.
This is an appeal in a worker's compensation case.

FACTS
On April 26, 1991, plaintiff, Lynette F. Farrill, was employed as a beautician supervisor with defendant, Hammond State School. On that date, Farrill noticed a puddle of water in the hallway and reported the incident to her supervisor, Margaret Faye Martin. Farrill then assisted Martin in mopping the puddle of water. In the process of removing the water from the hallway floor, Farrill and Martin were required to lift the corners of a rubber floor mat, which had become saturated, fold the mat, and remove the water. After the two women completed the clean-up, Farrill returned to the beauty shop. As she was walking back to the beauty shop, Farrill was limping, experiencing a burning sensation in her neck, and hurting in the lower portion of her back.
Although Farrill was allegedly injured while assisting Martin, she worked the remainder of the day and did not report the incident to her supervisor. On May 16, 1991, Farrill's daughter delivered to the school a "First Report of Injury" form Farrill had completed. Because Martin believed that Farrill had not been injured during the incident in which Farrill had assisted her, Martin refused to sign the report.
Thereafter, Farrill filed a claim for compensation benefits with the Office of Worker's Compensation. On August 30, 1991, Hammond State School answered Farrill's petition, denying the allegations of her claim and asserting that Farrill had received all compensation due under the Louisiana Worker's Compensation Act.
On September 16, 1992, a hearing was held on Farrill's worker's compensation claim. On January 26, 1993, the hearing officer signed a judgment in favor of Hammond State School and against Farrill, finding that Farrill failed to establish that she sustained a work-related accident. Farrill's claim for worker's compensation benefits was dismissed with prejudice, and each party was cast for its own costs.
From this adverse judgment, Farrill appeals, contending that the hearing officer erred in denying her worker's compensation benefits when the medical evidence clearly showed by a preponderance of the evidence that her injuries were a result of the accident on April 26, 1991.

CAUSATION
Even though the Louisiana Worker's Compensation Act, LSA-R.S. 23:1021, et seq., is to be construed liberally in favor of the claimant, a worker's compensation claimant has the burden of proving his claim. Bruno v. Harbert International, Inc., 593 So.2d 357, 361 (La.1992). The claimant must establish the occurrence of an accident and the causal relationship between the accident and the resulting disability by a preponderance of the evidence. Manson v. City of Shreveport, 577 So.2d 1167, 1169 (La.App. 2nd Cir.), writ denied, 580 So.2d 928 (La. 1991). In other words, in order for the claimant to recover, it must be determined that his employment somehow caused or contributed to his disability, but it is not necessary that the exact cause be found. Walton v. Normandy Village Homes Association, Inc., 475 So.2d 320, 324 (La.1985). Proof by a preponderance of the evidence is sufficient when the evidence, taken as a whole, shows that the fact sought to be proved is more probable than not. Patterson v. GNB Battery, *451 Inc., 569 So.2d 640, 642 (La.App. 2nd Cir.1990), writ denied, 573 So.2d 1134 (La. 1991).
Upon review, the hearing officer's factual findings will not be disturbed unless they are clearly wrong. Martin v. Riverview Medical Center, 618 So.2d 1014, 1017 (La. App. 1st Cir.), writ denied, 623 So.2d 1333 (La.1993). For an appellate court to reverse a trial court's factual finding, it must find from the record that a reasonable factual basis does not exist for the finding of the trial court and that the record establishes that the finding is clearly wrong. Stobart v. State, Department of Transportation and Development, 617 So.2d 880, 882 (La.1993); Mart v. Hill, 505 So.2d 1120, 1127 (La.1987). Thus, the reviewing court must do more than simply review the record for some evidence which supports or controverts the trial court's finding. The reviewing court must review the record in its entirety to determine whether the trial court's finding was clearly wrong or manifestly erroneous. Stobart v. State, Department of Transportation and Development, 617 So.2d at 882.
The issue to be resolved by the reviewing court is not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one. Stobart v. State, Department of Transportation and Development, 617 So.2d at 882. Even though an appellate court may feel its own evaluations and inferences are more reasonable than the factfinder's, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony. Where two permissible views of the evidence exist, the factfinder's choice between them cannot be clearly wrong. Stobart v. State, Department of Transportation and Development, 617 So.2d at 882, 883.
In the instant case, the evidence regarding whether Farrill sustained a work-related accident consists of the trial testimony of Farrill and Martin, and the deposition testimony of Linda Faye Hodges, as well as the trial and deposition testimony of the various health care professionals who treated Farrill.
Farrill testified that on Friday, April 26, 1991, at approximately 10:00 a.m., she observed a puddle of water in the hallway near the beauty shop at the Hammond State School. Farrill testified that she determined the presence of the water was hazardous and that she decided to retrieve a mop and some towels to eliminate the water. Farrill then notified her supervisor, Margaret Faye Martin, and the two women resolved the problem. Farrill explained that she and Martin each picked up a corner of the rug and folded it in half and that Martin then mopped the water beneath the rug. The two then repeated the procedure for the other half of the rug.
According to Farrill, after she and Martin had finished cleaning beneath the first half, her back began to hurt. Thereafter, Farrill noticed a pain or a popping in her neck. Farrill testified that she did not inform Martin of the pain or difficulties she experienced. Farrill testified that she later attempted to notify Martin of her complaints, but that she was unsuccessful in notifying Martin of her injuries, despite the fact that Martin's office was located directly across the hall from the beauty shop. However, Farrill testified that she informed Linda Hodges and A.J. Monistere, two of her co-workers, that she was hurting on the day of the alleged accident. Farrill continued to work for the remainder of the day on Friday and returned to work the following Monday morning. Farrill testified that, sometime thereafter, she filled out an accident report and returned it to Hammond State School on May 16 or 17. Farrill explained that she did not fill out the report until she learned of the severity of her injuries; she was reluctant to file such a report after working for Hammond State School for nearly twenty-five years.
In her deposition testimony, Linda Faye Hodges, Farrill's co-worker, stated that, on a Thursday or Friday, near the end of April, 1991, she saw Farrill walking in the hallway in apparent pain. Hodges inquired about Farrill's condition and was informed that Farrill had picked up something or mopped up something. Hodges saw Farrill again on Monday, and Farrill again appeared to be in pain. Hodges stated that other people at *452 Hammond State School are aware that Farrill was injured at the school, but that they are afraid to come forward with the information.
Margaret Faye Martin testified that she has been Farrill's supervisor at Hammond State School since May 16, 1988. Martin recalled that, on April 26, 1991, Farrill came to her office to report the water in the hallway. Martin assessed the situation and requested that Farrill procure a mop and some towels to remedy the water problem. Martin explained that she and Farrill rolled the rubber mat back so that she could mop beneath the mat, then repeated the procedure for the other side. Martin noted that the rug was laying flat during the entire incident and that Farrill did not have to hold the rug while Martin mopped beneath it. Martin stated that, while she cleaned the hallway, Farrill did not have to lift anything.
Martin testified that, at no time, did Farrill state that she was in pain. Martin also noted that Farrill did not appear to be having any difficulty in bending or lifting the corner of the rug. Martin testified that Farrill did not report the pain at any time that day. Moreover, Martin noted that she has a secretary who is in the office all day, except for lunch, and that Farrill never reported the matter to her or her secretary. Martin testified that she first learned that Farrill was claiming to have been injured when an accident report was filed with Hammond State School by Farrill's daughter. After the report was filed, the department which handled the worker's compensation claims for the school notified her. Martin stated that she responded in disbelief to Farrill's claims and that she refused to sign the report. Martin's refusal was based on her belief that, if Farrill was injured on April 26, 1991, Farrill should have informed her at that time. Martin noted that she spoke with Farrill by telephone a couple of times between April 26 and May 16 and that Farrill never mentioned anything about being injured as a result of assisting Martin with the rug.
Martin further noted that the rug she and Farrill dealt with weighed only twenty pounds and that, when saturated with water, the rug weighed twenty-eight pounds.
The patient information sheet filled out when Farrill was treated at the Orthopaedic and Sports Medicine Center on May 16, 1991, noted that Farrill had back problems since she had been employed at Hammond State School.
In his deposition testimony, Dr. Anthony S. Ioppolo stated that, when Farrill came to him for treatment, she related that she was lifting a rug when the pain began. Dr. Ioppolo stated that, based upon the objective data he observed, he cannot determine the etiology of a patient's problems. However, Dr. Ioppolo noted that he would not normally expect the type of maneuver utilized and the weight involved in the instant case to cause the types of problems Farrill was experiencing. Dr. Ioppolo noted that such problems would normally involve something more exceptional.
Dr. Ioppolo also testified that Farrill had a long-standing history of intermittent back pain. Moreover, most of Dr. Ioppolo's findings on the diagnostic studies performed were indicative of degenerative disc disease. Further, Dr. Ioppolo noted that he could not determine whether Farrill's problems were trauma-related or whether these problems pre-dated the trauma.
Dr. R. Bryan Griffith testified via deposition that he first treated Farrill on May 16, 1991, when she complained of neck and back pain, which Farrill related to lifting a rug at work. Dr. Griffith's first impression was that Farrill had significant degenerative lumbar and cervical disc disease. Moreover, Dr. Griffith related Farrill's complaints and degenerative disc disease to years of back problems.
In his deposition testimony, Dr. David E. Gaudin testified that he treated Farrill for back pain on and off for years. His partner, Dr. Nicholas Stevens, treated Farrill on April 29, 1991. Dr. Stevens' notes revealed that he believed the musculoskeletal pain Farrill was experiencing at that time was secondary to osteoarthritis. Dr. Gaudin's notes did not reveal specific facts surrounding the April 26, 1991, injury. Without having any additional facts, Dr. Gaudin was unable to determine whether Farrill's back *453 problems were more probably than not related to an injury on April 26, 1991.
After hearing all of the testimony and reviewing the depositions and medical records, the hearing officer determined that Farrill failed to prove, by a preponderance of the evidence, that her injuries were causally related to any April 26, 1991, injury. The hearing officer noted that the case fell squarely on Farrill's credibility. The hearing officer noted that Farrill's credibility was an issue and stated that he afforded greater weight to the testimony of Farrill's supervisor, Margaret Faye Martin. Given the great weight which must be afforded to credibility determinations on review and the conflicting testimony with regard to the etiology of Farrill's back problems, after reviewing the record in its entirety, we conclude that the hearing officer was not manifestly erroneous in this finding.

CONCLUSION
For the above reasons, the judgment of the hearing officer, finding that Farrill failed to establish that she suffered a work-related accident, is affirmed. Farrill is cast for all costs of this appeal.
AFFIRMED.