IAN W. CLAIBORNE, Judge Pro Tem.
This is an appeal by the claimant, Dexter Sanders, from an adverse decision by the Workers’ Compensation Judge (WCJ) in his claim against his employer, G & W Construction Company (G & W). The WCJ was Honorable Glynn Voisin of the Office of Workers’ Compensation Administration, District 9.[2] For the reasons that follow, we affirm the decision of the WCJ.
FACTUAL BACKGROUND AND PROCEDURAL HISTORY
Mr. Sanders sustained a lumbar injury on March 13, 1997, when he attempted to lift a steel mat at work. As he lifted the mat, he felt a pop in his back. He immediately reported the injury to G & W and sought medical treatment with Dr. Brian Matherne, a family practitioner. After examining Mr. Sanders, Dr. Matherne diagnosed a back strain and attempted to alleviate his symptoms with conservative treatment and physical therapy. After these attempts proved unsuccessful, Mr. Sanders consulted Dr. Christopher Cenac, an orthopedic surgeon of his choice.
Dr. Cenac ordered certain tests, including an MRI, a myelogram, and an enhanced CT post-myelogram study, in an effort to determine the cause of Mr. Sanders’ persistent low back and left leg pain. Based on the results of these tests, Dr. Cenac diagnosed a ruptured disc at the L5-S1 level, with some compression of the nerve root on the left. He recommended surgery to correct the problem and requested a second opinion. He also recommended that Mr. Sanders be placed on temporary total disability as a result of his injuries.
Mr. Sanders obtained a second opinion from Dr. Jeffrey Fitter, who concurred with Dr. Cenac’s assessment that surgery was appropriate. G & W placed Mr. Sanders on temporary total disability (TTD) and paid disability benefits in the | ^amount of $185.35 per week from the date of the accident, as well as medical benefits. Dr. Cenac ultimately performed a laminectomy and disc excision on Mr. Sanders on July 81,1997.
Approximately two weeks after his surgery, Mr. Sanders returned to Dr. Cenac to have his sutures removed. He continued his treatment with Dr. Cenac over the *611 next several months, and he also began a physical therapy and conditioning program. Dr. Cenac released Mr. Sanders from medical care on March 24,1998, after determining that he had reached maximum medical improvement as of March 3, 1998. Dr. Cenac further determined that Mr. Sanders could work at light/medium levels of physical activity with certain restrictions. Pursuant to these restrictions, Mr. Sanders was not to lift objects weighing more than thirty-five pounds. He was further prohibited from engaging in activities requiring repetitive stooping, squatting, twisting, kneeling, bending, climbing, and working at unprotected heights.
Based on these determinations by Dr. Cenac, G & W provided vocational rehabilitation services to Mr. Sanders. A labor market survey was performed by Ms. Sheran Huhner, vocational rehabilitation counseling expert, and a list of available jobs in the area was provided to Dr. Cenac for his approval. Dr. Cenac did approve the list of jobs, and the list was given to Mr. Sanders in December of 1998. Mr. Sanders did not apply for any of the jobs listed. Subsequently, on January 13, 1999, G & W modified Mr. Sanders’ benefits from TTD benefits to supplemental earnings benefits (SEB) of $206.49 per month, which they continue to pay.
Mr. Sanders then commenced these proceedings before the WCJ seeking medical and TTD benefits. He also requested an award of penalties and attorney’s fees, claiming that G & W had modified or terminated his benefits in an arbitrary and capricious manner. After a trial, the WCJ rendered judgment in favor of the | ¿employer and found that Mr. Sanders had failed to meet his burden of proving that he was totally disabled. The WCJ also determined that Mr. Sanders was not entitled to penalties or attorney’s fees. This appeal followed.
STANDARD OF REVIEW
Mr. Sanders raised three assignments of error on appeal. According to Mr. Sanders, the trial court erred in (1) not finding him to be disabled and entitled to disability benefits; (2) not awarding him additional medical benefits; and (3) not finding G & W to be arbitrary and capricious in terminating his medical and TTD benefits.
All of these assignments of error raise factual issues and must therefore be analyzed pursuant to the manifest error standard of review. In a workers’ compensation case, as in other cases, the appellate court’s review of factual findings is governed by the manifest error standard. Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840, p. 7 (La.7/1/97), 696 So.2d 551, 556; Smith v. Louisiana Department of Corrections, 93-1305, p. 3 (La.2/28/94), 633 So.2d 129, 132; Kennedy v. Security Industrial Insurance Company, 623 So.2d 174, 175 (La.App. 1st Cir.), writ denied, 629 So.2d 389 (La.1993). The two-part test for the appellate review of a factual finding is: 1) whether there is a reasonable factual basis in the record for the finding of the trial court, and 2) whether the record further establishes that the finding is not manifestly erroneous. Mart v. Hill, 505 So.2d 1120, 1127 (La.1987). Thus, if there is no reasonable factual basis in the record for the trial court’s finding, no additional inquiry is necessary for a finding of manifest error. However, if a reasonable factual basis exists, an appellate court may set aside a trial court’s factual finding only if, after reviewing the record in its entirety, it determines the trial court’s finding was clearly wrong. See Stobart v. State, through Department of Transportation and Development, 617 So.2d 880, 882 (La.1993). Even though an appellate | .¡court may feel its own evaluations and inferences are more reasonable *612 than the fact finder’s, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony. Stobart, 617 So.2d at 882. Where there are two permissible views of the evidence, the fact finder’s choice between them cannot be manifestly erroneous or clearly wrong. See Morris v. Norco Construction Company, 632 So.2d 332, 335 (La.App. 1st Cir.1993), writ denied, 94-0591 (La.4/22/94), 637 So.2d 163. A workers’ compensation judge’s determinations as to whether the claimant’s testimony is credible and whether the claimant has discharged his burden of proof are factual determinations which will not be disturbed upon review in the absence of manifest error or unless clearly wrong, Parfait v. Gulf Island Fabrication, Inc., 97-2104, pp. 5-6 (La.App. 1st Cir.1/6/99), 733 So.2d 11, 17, citing Bruno v. Harbert International Inc., 593 So.2d 357, 361 (La.1992).
DISCUSSION
There is no dispute that Mr. Sanders was injured in the course and scope of his employment and was therefore entitled to workers’ compensation benefits. The parties stipulated to the compensable nature of the injury at trial, and G & W did pay TTD and medical benefits to Mr. Sanders after the accident. Furthermore, G & W continued to pay SEB to Mr. Sanders after Dr. Cenac released him to work with certain restrictions. The conflict between the parties concerns the extent of Mr. Sanders’ disability. Specifically, G & W disputes Mr. Sanders’ claims that he is still totally disabled and entitled to medical and TTD benefits.
A claimant seeking disability benefits based on temporary total disability must prove by clear and convincing proof, unaided by any presumption of disability, that he is physically unable to engage in any employment or self-employment. La. R.S. 23:1221(1); Tanner v. International Maintenance Corporation, 602 So.2d 1133, 1137 (La.App. 1st Cir.1992). In the absence of | f,clear and convincing proof that he is physically unable to engage in any employment, the claimant’s demand for temporary total disability compensation benefits must fail. Tanner, 602 So.2d at 1137.
The testimony before the WCJ in this matter was conflicting. In support of his claim, Mr. Sanders testified that he did feel a little better after the surgery, but began to experience pain in his low back and leg approximately one month after the surgery. He indicated that these problems continued to worsen to the point that he now has pain and numbness in both legs. He testified that he has not been able to work since the accident because he is in too much pain. In fact, Mr. Sanders testified that because of the pain he had not looked or applied for any work since the accident. Mr. Sanders did admit, however, that he was able to change the brake pads on several vehicles for payment despite this pain. He further testified that he was in too much pain to perform any housework duties such as sweeping or washing dishes, but he has been able to go fishing on occasion.
Dr. Cenac testified that Mr. Sanders did report some back pain after the surgery, which was to be expected. Contrary to Mr. Sanders’ testimony, however, Dr. Ce-nac testified that Mr. Sanders did not report any problems at all with his legs until more than three months after the surgery. Moreover, according to Dr. Cenac, the problems that Mr. Sanders reported were subjective complaints not substantiated by any objective physical findings. Dr. Cenac also noted that Mr. Sanders had a very poor attitude and that his subjective complaints became increasingly more vocal as the time for the patient’s discharge moved *613 closer. Specifically, Dr. Cenac noted that Mr. Sanders complained of increased symptoms and of symptoms that would tend not to be related to the surgical procedure.
In addition to the treatment provided by Dr. Cenac, Mr. Sanders participated in physical therapy. Furthermore, Dr. Richard Bunch performed a functional capacity evaluation on him. Both Dr. Bunch and the physical therapist |7documented Mr. Sanders’ poor attitude and lack of motivation to return to work. Moreover, they noted that Mr. Sanders displayed evidence of disability magnification and that he grossly exaggerated his limitations.
At G & W’s request, Dr. Jeffrey Fitter again examined Mr. Sanders. Dr. Fitter again concurred with Dr. Cenac’s assessment that Mr. Sanders had reached maximum medical improvement and that further surgery was not necessary or indicated. Furthermore, Dr. Fitter noted the same disability magnification and poor motivation on the part of Mr. Sanders that had been documented by Dr. Cenac, Dr. Bunch, and the physical therapist.
Mr. Sanders relied on the opinion of Dr. Stuart Phillips, an orthopedist he consulted after Dr. Cenac discharged him. After running some additional diagnostic tests, Dr. Phillips opined that Mr. Sanders was still in pain because his previous surgery had failed. He determined that Mr. Sanders should undergo a lumbar fusion to remedy the problem. He further opined that Mr. Sanders was still totally disabled and incapable of working at that time.
In addition to this medical testimony, Mr. Sanders presented the testimony of Dr. Sherry Carthane, an expert in vocational rehabilitation counseling. Dr. Car-thane testified that she believed Mr. Sanders was not employable at that time. She further opined that Mr. Sanders would not have been able to perform any of the jobs on the list provided to him by Ms. Huhner due to his physical restrictions, a prior felony conviction and his lack of skills.
It is apparent that the majority of the physicians who examined Mr. Sanders, including his treating physician, found him to be exaggerating his symptoms. Furthermore, all of the doctors, except Dr. Phillips, determined that Mr. Sanders had reached maximum medical improvement and was not a candidate for further medical treatment or surgery. After a thorough review of the record in its entirety, and considering that the WCJ was required to make credibility determinations, we | «conclude that there is no manifest error in the finding of the WCJ that the plaintiff failed to satisfy the burden of proof.[3]
CONCLUSION
For the foregoing reasons, we affirm the decision of the workers’ compensation judge. All costs of this appeal are assessed to the appellant, Dexter Sanders.
AFFIRMED.

. La. R.S. 23:1310.5(F) requires that the published court of appeal opinion identify the office of workers’ compensation district from which the appeal was taken and the name of the workers’ compensation judge who rendered the judgment or award.

. This decision does not affect Mr. Sanders’ entitlement to supplemental earnings benefits in the amount of $206.49 per month.