614 So.2d 316 (1993)
John LEWIS
v.
ORLEANS MATERIALS, et al.
No. 92-CA-1942.
Court of Appeal of Louisiana, Fourth Circuit.
February 11, 1993.
*317 Jerome Friedman, Metairie, for plaintiff/appellant.
Ben E. Clayton, Lenfant & Associates, Metairie, for defendants/appellees.
Before SCHOTT, C.J., and BARRY and PLOTKIN, JJ.
SCHOTT, Chief Judge.
In this worker's compensation case plaintiff has appealed seeking amendments to the judgment awarded by the hearing officer against his employer and its insurer. The issues are whether the hearing officer committed manifest error in failing to find that plaintiff worked in substantial pain after the accident and whether plaintiff is entitled to interest and penalties on payments made in accordance with a stipulation at trial but found to be erroneous after trial.
Plaintiff was injured on his job as a truck driver for Orleans Materials on November 29, 1988. He received medical treatment for a back injury but he continued to work until June 16, 1989 when he began to receive temporary total disability benefits (TTDB) of $266.30 per week. According to stipulation made between counsel at the beginning of trial the benefits were reduced to Supplemental Earnings Benefits (SEB) of $186.35 per week on June 7, 1991. The principal issue litigated at trial on February 21, 1992, was whether plaintiff was entitled to TTDB as opposed to the SEB he was receiving. The hearing officer awarded TTDB from July 7, 1991[1] to continue as long as plaintiff would be disabled plus penalty interest and judicial interest and attorneys fees of $2500.
Plaintiff filed a motion for a new trial seeking to change the commencement date for TTDB to February 14, 1991 and to have a declaration that he had worked in substantial pain between the date of the accident and June 16, 1989, when he stopped working and he began receiving TTDB. After a contradictory hearing the hearing officer denied plaintiff's application for rehearing.
In this court plaintiff contends that he is entitled to TTDB from the date of the accident because he was working in pain until he quit in June 1989. As to the issue of when SEB commenced he states in his brief as follows:
Subsequent to the trial it was discovered that the data was wrong and in fact the reduction from full compensation benefits to supplemental earnings benefits was not 7 July 1991, but rather 2 Feb. 1991. Upon discovery of this mistake Aetna has paid the difference between the two, except for the interest due on each of those payments. Claimant asserts that the refusal of Aetna to pay the interest due (from due date of each) is wrong, arbitrary, and capricious. Claimant attempted to get the trial court to correct this error in one of its motions for new trial, but was refused. Claimant asserts that he is due this money, and further, because of their refusal to pay, *318 Aetna should be cast for penalties on the unpaid sums, plus attorney's fees.
On the issue of entitlement to benefits from the date of the accident even though he continued to work plaintiff invokes the "working in pain" doctrine discussed in Long v. Manville Forest Products Corp., 593 So.2d 854, 858 (La.App. 2nd Cir.1992), writs refused 595 So.2d 649 (La. 1992). Under this doctrine which was legislatively repealed by Act 454 of 1989 a claimant who works in pain may be deemed disabled if he proves by a preponderance of the evidence that his pain was substantial, but he is not deemed disabled if he merely suffers some residual pain and discomfort while working. Whether pain is substantial is a factual issue to be decided by the trial court and that finding will not be disturbed on appeal unless clearly wrong.
In the present case the evidence of plaintiff's pain while working is sparse. At the hearing plaintiff's only testimony on this subject was an affirmative answer to the question did he continue to experience pain in his back while he was working. But he stated that the reason he stopped working in June was because his leg got numb. According to Dr. Shackleton, the orthopedist who saw him in June, plaintiff told him he continued to work after November "but still had pain off and on" and it gradually got worse until he was unable to continue a couple of weeks before he saw the doctor. This evidence was insufficient to establish that plaintiff was working in substantial pain and it does not support the conclusion in this court that the hearing officer was clearly wrong in failing to find that plaintiff was working in substantial pain.
However, plaintiff relies on this isolated statement in the hearing officer's reasons for judgment: "The evidence also shows clearly that he continued to work in pain until June 16, 1989, when he had to quit because of his suffering." We are not persuaded that this was a finding that entitles plaintiff to recover. At one point during the testimony of defendants' rehabilitation expert the hearing officer remarked: "Let me tell you something, Ms. Williams, the law of this state provides that if a man has to work in substantial pain he gets compensation. Therefore, pain is important to me." And, further on, he said, "Well, Ms. Williams, I'll determine what substantial pain is." It is clear from these remarks that the hearing officer knew the difference between substantial pain which he found for the period beginning in June and the off and on pain or discomfort which he found for the previous period.
Furthermore, after the hearing officer rendered judgment and the reasons containing the statement upon which plaintiff now relies, he filed a motion for a new trial together with a memorandum in support and he orally argued the motion to the hearing officer and he denied the motion. The issue of substantial pain was squarely and thoroughly presented to and considered by the hearing officer and was rejected by him. Under these circumstances plaintiff cannot avoid the effect of the manifest error rule on appeal.
As to the issue arising out of the date when SEB commenced this is not properly before us on appeal. The judgment of the hearing officer was correctly based upon the stipulation made by plaintiff that SEB commenced in June. Consequently, the only evidence of record supports the judgment. There was no evidence to the contrary. Only in his motion for new trial did plaintiff state for the first time that the correct date was in February and in his motion he alluded to a letter written to plaintiff by defendant in February 1991 to support this motion. A party is entitled to a new trial when he has discovered evidence which he could not, with due diligence, have obtained before or during trial. C.C.P. art. 1972(2). Plaintiff had this evidence in his possession long before he made the stipulation when trial began. No other peremptory ground for a new trial is relevant. The trial court has broad discretion to grant a new trial pursuant to Art. 1973, but we find no abuse of discretion under the circumstances of this case.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.
PLOTKIN, J., dissents in part.
*319 PLOTKIN, Judge, dissenting in part:
Because I disagree with the majority's decision denying the plaintiff interest on the worker's compensation payments due between February 2, 1991 and July 7, 1991, I respectfully dissent. The majority relies on the stipulation entered between the parties in reaching that conclusion. However, the fact that Aetna made a mistake in preparing the computer printout on which the stipulation was based is uncontroverted. In fact, Aetna actually made the compensation payments for the period in question, but refused to pay interest on those amounts. The plaintiff is unquestionably entitled to interest under the provisions of LSA-R.S. 23:1201(E). I would reverse the trial court decision on this issue.
NOTES
[1] No one questions this date in this court. Consequently we accept it as equivalent to the June 7 date in the stipulation.