740 So.2d 660 (1999)
Steven J. DEGRASSE
v.
ELEVATING BOATS, INC.
No. 98-CA-1406.
Court of Appeal of Louisiana, Fourth Circuit.
March 10, 1999.
Opinion Denying Rehearing May 19, 1999.
Writ Denied October 15, 1999.
*661 Robert W. Booksh, Jr., John B. Fox, New Orleans, Louisiana, Counsel for Plaintiff/Appellee.
Laurence E. Best, R. Jeffrey Bridger, Best Koeppel, New Orleans, Louisiana, Counsel for Defendant/Appellant.
Court composed of Judge JOAN BERNARD ARMSTRONG, Judge MOON LANDRIEU and Judge JAMES F. McKAY, III.
ARMSTRONG, Judge.
This is a workers' compensation case. The employer appeals from the decision of the workers' compensation Hearing Officer, which decision awarded past and future compensation benefits, past and *662 future medical expense benefits, and penalties and attorney's fees. We affirm as to part of the past compensation benefits, reverse in part as to past compensation benefits and future compensation benefits, affirm as to medical benefits, and reverse as to penalties and attorney's fees.
Claimant Steven J. Degrasse was hired in early October, 1996 by employer-defendant Elevating Boats, Inc. ("EBI") to work as a machinist. Soon after he was hired, he missed a few days of work due to back pain which was not related to his work at EBI. Subsequently, he worked two overtime weeks, of about 50 hours each, without incident. After that period of uninterrupted work, on Saturday, November 9, 1996, he suffered an accident at work.
Mr. Degrasse testified that this accident consisted of him stepping onto a loose roller on the floor near a band saw he was using. As a result he "pinched" or smashed one of his fingers in the apparatus of the band saw and, in catching himself from his fall, allegedly suffered an injury to his back. Mr. Degrasse reported the injury to his finger to EBI that same day, November 9, 1996.
The following Monday, November 11, 1996, while tightening a chuck, Mr. Degrasse felt pain in his back. He ceased work and was seen by a doctor, Dr. Brent, that same day. Dr. Brent wrote to EBI reporting Mr. Degrasse's injury. Mr. Degrasse never returned to work at EBI. In January, 1997, Mr. Degrasse declined to take an EBI drug test and, as a result, was terminated.
On February 5, 1997, Mr. Degrasse went to work as a machinist for another employer. From then until September 9, 1997 he was employed as a machinist by several employers. As of the time of trial, his last employer had been Economy Iron Works. His hourly wage at that job was higher than at EBI. Economy Iron Works terminated Mr. Degrasse on September 9, 1997 (which was about a month prior to the trial below). Mr. Degrasse testified that the termination was for "job performance" but that he believed his job performance was good.
EBI's first argument on appeal is that there was no November 9, 1999 accident, other than a pinched finger, and that there was no roller on the floor. EBI witnesses contradicted Mr. Degrasse's testimony in part but, as there were no witnesses to the alleged accident, there was no direct contradiction of Mr. Degrasse's testimony that the accident happened, nor of his description of how it happened. Mr. Degrasse is an interested witness but the EBI witnesses were long-term, apparently loyal, EBI employees. The Hearing Officer made an express credibility determination in favor of Mr. Degrasse and found as a matter of fact that the accident did happen. Such findings of fact are subject to appellate review under the manifest error/clearly wrong standard.
On appeal, we review the Hearing Officer's findings of fact as to causation and dependency using the manifest error/clearly wrong standard. Alexander v. Pellerin Marble & Granite, 93-1698 (La.1/14/94), 630 So.2d 706, 710. Thus, we may not reverse the Hearing Officer's findings of fact so long as they are reasonable in light of the record regardless of whether we would have made the same findings if we addressed the factual issues as an original matter. E.g., Ambrose v. New Orleans Police Ambulance Service, 93-3099, 93-3110, 93-3112 (La.7/5/94), 639 So.2d 216, 220-21.
Dean v. K-Mart Corp., 97-2850 (La.App. 4 Cir. 7/29/98), 720 So.2d 349, 351. We cannot say that the Hearing Officer was manifestly erroneous/clearly wrong in finding that the accident happened.
EBI's next argument on appeal is that Mr. Degrasse did not prove a causal connection between the accident and his injury. EBI argues that Mr. Degrasse had a pre-existing degenerative back condition from a time before his employment at EBI and that that condition was not worsened at EBI. The Hearing Officer *663 reviewed the medical evidence, which is briefly summarized in the Reasons For Judgment, and concluded that Mr. Degrasse did suffer an injury caused by the November 9, 1996 accident. Based upon the evidence in the record, we cannot say that the Hearing Officer was clearly wrong/manifestly erroneous as to this factual finding. See Dean v. K-Mart, supra.
EBI's next argument is that Mr. Degrasse failed to prove that he was "disabled" within the statutory meaning so as to be entitled to compensation benefits. It should be recalled that Mr. Degrasse stopped working due to injury on November 11, 1996, resumed work with another employer about 12 weeks later on February 5, 1997, and was employed until he was terminated on September 9, 1997, which was about a month before trial. The Hearing Officer awarded compensation benefits both past and present.
As to the period from February 5, 1996 to September 9, 1997, Mr. Degrasse cannot receive either temporary total disability compensation benefits or permanent total disability compensation benefits because he was employed.
(b) For purposes of Subparagraph (1)(a) of this Paragraph, compensation for temporary disability shall not be awarded if the employee is engaged in any employment or self-employment regardless of the nature or character of the employement or self-employment including but not limited to any and all odd-lot employment, sheltered employment, or employment while working in any pain.
La. R.S. 23:1221(1)(b).
(b) For purposes of Subparagraph (2)(a) of this Paragraph, compensation for permanent total disability shall not be awarded if the employee is engaged in any employment or self-employment regardless of the nature or character of the employment or self-employment including but not limited to any and all odd-lot employment, sheltered employment, or employment while working in any pain.
La. R.S. 23:1221(2)(b). See Guidry v. Maison DeVille Nursing Home, 95 1504, 95 1505 (La.App. 1 Cir. 4/4/96), 672 So.2d 381, 386-87 (neither temporary nor permanent total disability benefits can be awarded for time period that claimant was working). Thus, to the extent that the Hearing Officer awarded compensation benefits for the time period during which Mr. Degrasse was employed, the award must be vacated.
We turn next to the time period from September 9, 1997, when Mr. Degrasse was terminated by Economy iron Works, through the October 20, 1997 trial date and on into the future. With respect to this period, which follows the approximately eight month period (February 5, 1997 through September 9, 1997) during which Mr. Degrasse was employed, Mr. Degrasse is entitled to either temporary total disability compensation benefits or permanent total disability compensation benefits only if he proved by clear and convincing evidence that he was (and is) physically unable to work.
(c) For purposes of Subparagraph (1)(a) of this Paragraph, whenever the employee is not engaged in any employment or self-employment as described in Subparagraph (1)(b) of this Paragraph, compensation for temporary total disability shall be awarded only if the employee proves by clear and convincing evidence, unaided by any presumption of disability, that the employee is physically unable to engage in any employment or self-employment, regardless of the nature or character of the employment or self-employment, including but not limited to any and all odd-lot employment, sheltered employment, or employment while working in any pain, notwithstanding the location or availability of any such employment or self-employment.
R.S. 23:1221(1)(c) (emphasis added).
(c) For purposes of Subparagraph (2)(a) of this Paragraph, whenever the *664 employee is not engaged in any employment or self-employment as described in Subparagraph (2)(b) of this Paragraph, compensation for permanent total disability shall be awarded only if the employee proves by clear and convincing evidence, unaided by any presumption of disability, that the employee is physically unable to engage in any employment or self-employment, regardless of the nature or character of the employment or self-employment, including, but not limited to, any and all odd-lot employment, sheltered employment, or employment while working in any pain, notwithstanding the location or availability of any such employment or self-employment.
La. R.S. 23:1221(2)(c) (emphasis added).
Mr. Degrasse did not testify at trial and does not argue on appeal that there was any onset of new physical inability to work which coincided with or postdated his September 9, 1997 termination by Economy Iron Works. In other words, there is no allegation or proof (much less "clear and convincing" evidence) that Mr. Degrasse was any worse off physically after his termination by Economy Iron Works than he was while working for Economy Iron Works and other employers he had worked for since February 5, 1997. Thus, it is simply impossible to conclude from the record in this case that Mr. Degrasse has proved by clear and convincing evidence that he was "physically unable" to engage in "any" employment as required by the statute. La. R.S. 23:1221(1)(c) and 23:1221(2)(c). See Maiden v. Crossroads of Louisiana, Inc., 95-1985 (La.App. 4 Cir. 7/24/96), 678 So.2d 75, 78 (reversing award of temporary total disability benefits where claimant did not prove by clear and convincing evidence that, after she was fired, she was physically unable to do any work), writ denied, 96-2145 (La.11/8/96), 683 So.2d 279; Coats v. AT & T, 95-2670 (La.10/25/96), 681 So.2d 1243, 1247 (claimant not entitled to temporary total disability benefits because she did not prove by clear and convincing evidence that, after she was laid off, she was physically unable to do any work).
Mr. Degrasse's only argument as to his entitlement to compensation benefits after his September 9, 1997 termination is that, prior to his termination, he was working in pain. Under the "working in pain" doctrine, a person who worked while in "substantial pain" could, despite working, be considered disabled within the meaning of the workers' compensation statute. E.g. Lewis v. Orleans Materials, 614 So.2d 316, 318 (La.App. 4th Cir.1993). However, "this doctrine was legislatively repealed by Act 454 of 1989." Id. H. Alston Johnson III, 13 Louisiana Civil Law Treatise: Workers' Compensation Law and Practice § 275 at 717 (1994) ("[T]he 1983, 1988 and 1989 amendments to the temporary and permanent total disability standards specifically prohibit a finding of total disability based upon `working in pain.'"). Thomas v. Sears, Roebuck and Co., 94-2003 (La. App. 4 Cir. 3/29/95), 653 So.2d 102, 104-105 (despite finding that claimant "is in pain which prevents her from returning to work" claimant was not entitled to permanent total disability), writ denied, 95-1239 (La.6/23/95), 656 So.2d 1033; Mitchell v. AT & T, 27,290 (La.App. 2 Cir. 8/28/95), 660 So.2d at 205, 211 (inability to work due to pain does not entitle claimant to temporary total disability benefits), writ denied, 95-2474 (La.12/15/95), 664 So.2d 456.
As to the award of past and future medical benefits, we already have found that the Hearing Officer was not clearly wrong/manifestly erroneous in finding as a matter of fact that the accident occurred and that it caused injury to Mr. Degrasse. We also cannot find that the Hearing Officer was clearly wrong/manifestly erroneous in finding that Mr. Degrasse had incurred and would continue to incur medical expenses due to that injury.
As to the award of penalties and attorney's fees, it is well-settled that the employer is not liable for such penalties *665 and attorney's fees simply because it lost at trial, if it had a reasonable basis to controvert the employee's claim. E.g., Dean v. K-Mart Corp., 97-2850 (La.App. 4 Cir. 7/29/98), 720 So.2d 349. In the present case, EBI presented substantial evidence to support its position that there was no accident. Also, there was evidence of pre-existing degenerative back disease of Mr. Degrasse so as to provide support to EBI's argument that the accident did not cause the injury. Also, we have found that Mr. Degrasse is not statutorily entitled to some of the compensation benefits awarded below. Thus, we do not believe that this is a case appropriate for the award of penalties and attorney's fees.[1]
For the foregoing reasons, we reverse the award of compensation benefits for periods after February 5, 1997; we reverse the award of penalties and attorney's fees, and we otherwise affirm the judgment of the trial court.
REVERSED IN PART.

ON APPLICATION FOR REHEARING
ARMSTRONG, Judge.
In this application for rehearing, the plaintiff first argues that we should not have reversed the award of penalties and attorney's fees. We will note simply that the employer presented a very substantial defense at trial and that the Hearing Officer easily could have found that the accident didn not occur and/or that the plaintiffs back problems were caused solely by his pre-existing injury and were neither caused nor aggravated by the accident at issue. While we have affirmed the Hearing Officer's findings on these issues as not clearly wrong/manifestly erroneous, we believe it is indisputable that the employer had a reasonable basis to controvert the plaintiff's claim.
Also in his application for rehearing, the plaintiff, while expressly conceding the correctness of our decision to vacate some of the award of total disability benefits made below, argues that he nevertheless has a claim for Supplemental Earnings Benefits ("SEB") from September 9, 1997 forward because pain prevents him from working. The plaintiffs brief on original hearing is devoid of any mention of SEB. An entirely new issue, such as the plaintiffs claim for SEB, may not be raised for the first time by an application for rehearing. Churchill Farms, Inc. v. Louisiana Tax Commission, 249 So.2d 594, 602 (La.App. 4th Cir.1971), writ denied, 259 La. 321, 249 So.2d 923(1971). Accord Doucet v. Champagnel, 94-1631 (La.App. 1 Cir. 6/21/95), 657 So.2d 92, 100; American Motorist Ins. Co. v. American Rent All, Inc., 617 So.2d 944, 947 (La.App. 5th Cir. 1993).
In any case, there is no basis to conclude that the plaintiff is entitled to SEB on the ground that pain has prevented him from working since September 9, 1997. To be entitled to SEB, the plaintiff has the initial burden of proving that, as a result of his injury, he cannot earn at lest 90% of his pre-injury wage. La.R.S. 23:1221(3); Clark v. Atlantic Painting Co., 521 So.2d 505, 509-510 (La.App. 4th Cir. 1988); Workers' Compensation Law and Practice § 276. In this case, the plaintiff worked from February 5, 1997 to September 9, 1997 and, at least at his last job, earned more than his pre-injury wage. He stopped working on September 9, 1997, not due to pain or any disability, but because *666 he was terminated for "job performance" although he believed that his job performance was good. In other words, he worked at a higher paying job until he was fired about a month before trial. The plaintiff certainly has not proven that he was unable to earn at least 90% of his pre-injury wages so as to be entitled to SEB from September 9, 1997.
For the foregoing reasons, plaintiff's application for rehearing is denied.
REHEARING DENIED.
NOTES
[1] The original Judgment, signed by the Hearing Officer on March 9, 1998, stated that EBI was not arbitrary and capricious in controverting Mr. Degrasse's claim. An Amended Judgment, signed by the Hearing Officer on May 14, 1998, stated that EBI was arbitrary and capricious in controverting Mr. Degrasse's claim. The two judgments were otherwise identical. Based upon the Hearing Officer's Reasons For Judgment, it appears that the word "not" in the original Judgment was a typographical error. EBI argues that, because it perfected its appeal prior to the signing of the Amended Judgment, the Hearing Officer had no authority to issue the Amended Judgment which found EBI to be arbitrary and capricious. We need not resolve this procedural issue because we have found that, as a substantive matter, EBI was not arbitrary and capricious.