hEDWIN A. LOMBARD, Judge.
FACTS AND PROCEDURAL HISTORY
This is a workers’ compensation case. The employee appeals from the decision of the workers’ compensation hearing officer dismissing his second “Disputed Claim for Compensation.” The hearing officer found that Mr. Degrasse’s injury resolved prior to treating with Dr. Jarrott, the prior trial did not award “lifetime” medical benefits, the prior judgment had been satisfied, and that Mr. Degrasse was not a credible witness. We affirm the hearing officer’s findings.
The present case arises from a workers’ compensation claim Mr. Degrasse had in connection with a back injury he sustained while employed by Elevating Boats, Inc. (“EBI”). At the conclusion of the first trial the hearing officer found in favor of Mr. Degrasse and against EBI. On appeal, this Court affirmed part of the award, but reversed the award of compensation benefits for periods after February 5,1997, and the award of penalties and attorney’s fees. Degrasse v. Elevating Boats, Inc., 98-1406 (La.App. 4 Cir. 3/10/99); 740 So.2d 660, writ denied, 99-1807 (La.10/15/99), 748 So.2d 1147.
While the first trial was on appeal Mr. Degrasse began treatment with a neurosurgeon, Dr. Jarrott, on August 7, 1998 until February 2, 2001 at his own 1 ¡.expense. On March 24, 1999 Mr. De-grasse requested authorization for payment for the services of Dr. Jarrott, the prescription account at a pharmacy, the MRI and travel expenses incurred while treating with Dr. Jarrott. EBI refused authorization and payment of the medical benefits Mr. Degrasse sought.
On March 20, 2000, Mr. Degrasse filed a second OWC 1008 claim seeking payment of “lifetime” medical benefits. Trial was held on June 13, 2002, before Judge Grout of the Office of Worker’s Compensation. On August 2, 2002, the hearing officer rendered judgment in favor of EBI and dismissed Mr. Degrasse’s claim with prejudice.
From this judgment, Mr. Degrasse appeals, assigning the following as error:
(1) The hearing officer erred by violating the principle of res judicata when it permitted re-litigation of Mr. Degrasse’s medical condition.
*43 (2) The hearing officer erred in finding changed circumstances to justify the conclusion that treatment since the first trial was not related to the accident.
(3) The hearing officer erred in finding that the original judgment had been satisfied.
(4) The hearing officer erred in finding that Elevated Boating did not owe the medical bills of Dr. Jarrott, the prescription bills and travel expenses.
(5) The hearing officer erred in failing to award penalties and attorney fees.
LAW AND ANALYSIS
Factual findings in a workers’ compensation case are subject to the manifest error or clearly wrong standard of appellate review. Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840 (La.7/1/97), 696 So.2d 551, 556. The two-part test for the appellate review of a factual finding is: 1) whether there is a reasonable factual basis in the record for the finding of the trial court, and 2) whether the | .¡record further establishes that the finding is not manifestly erroneous. Mart v. Hill, 505 So.2d 1120, 1127 (La.1987). Thus, if there is no reasonable factual basis in the record for the trial court’s finding, no additional inquiry is necessary. However, if a reasonable factual basis exists, an appellate court may set aside a trial court’s factual finding only if, after reviewing the record in its entirety, it determines the trial court’s finding was clearly wrong. See Stobart v. State, through Department of Transportation and Development, 617 So.2d 880, 882 (La.1993).
Even though an appellate court may feel its own evaluations and inferences are more reasonable than the fact finder’s, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony. Where there are two permissible views of the evidence, the fact finder’s choice between them cannot be manifestly erroneous or clearly wrong. Stobart, 617 So.2d at 882; Morris v. Norco Construction Company, 632 So.2d 332, 335 (La.App. 1st Cir.1993), writ denied, 94-0591 (La.4/22/94), 637 So.2d 163.
In Mr. Degrasse’s first assignment he complains that the hearing officer violated the principles of res judicata by re-litigating issues concerning his medical condition from the first hearing. Mr. De-grasse argues that EBI should have been precluded from raising any issues litigated in the prior suit that were essential to the judgment rendered there.
EBI argues that res judicata does not apply to foreclose the jurisdiction of the Office of Worker’s Compensation to determine whether further medical benefits are owed beyond those in evidence at the time of a prior hearing under La. R.S. 23:1310.8. Furthermore, EBI contends that the hearing officer did not permit or re-litigate any issue relative to the first hearing.
| Louisiana Revised Statute 13:4231, setting forth the doctrine of res judicata, provides in relevant part:
Except as otherwise provided by law, a valid and final judgment is conclusive, between the same parties, except on appeal or other direct review, to the following extent:
[[Image here]]
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
*44 (3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
Usually, once a judgment has become final and definitive, parties are bound by it, regardless of any future change of circumstances. See La.Code Civ. Pro. arts. 1841, 425. However, workers’ compensation judgments are treated differently from ordinary judgments. This is due to the fact that if the rules of finality applied to ordinary civil judgments were applied to workers’ compensation judgments, the flexibility of the workers’ compensation system would be greatly restricted. Falgout v. Dealers Truck Equipment Co., 98-3150, pp. 8-9 (La.10/19/99), 748 So.2d 399, 405. The Supreme Court reaffirmed the validity of this policy by holding in Jackson v. Iberia Parish Gov’t, 98-1810, p. 9 (La.4/16/99), 732 So.2d 517, 524, that where the legislature has expressly provided that an award or judgment can be subject to a claim of modification, res judicata does not apply. Falgout, 98-3150 at p. 9, 748 So.2d at 406.
The workers’ compensation act has such a modification statute, which is set forth in La. R.S. 23:1310.8 and provides:
A. (1) The power and jurisdiction of [OWC] over each case shall be continuing and [it] may, upon application by a party and after a Incontradictory hearing, make such modifications or changes with respect to former findings or orders relating thereto if, in [its] opinion, it may be justified, including the right to require physical examinations as provided for in R.S. 23:1123; however, upon petition filed by the employer or insurance carrier and the injured employee or other person entitled to compensation under the Worker’s Compensation Act, [OWC] shall have jurisdiction to consider the proposition of whether or not a final settlement may be had between the parties presenting such petition, subject to the provisions of law relating to settlements in workers’ compensation cases.
(2) [OWC] may have a full hearing on the petition, and take testimony of physicians and others relating to the permanency or probable permanency of the injury, and take such other testimony relevant to the subject matter of such petition as the workers’ compensation judge may require. [OWC] may consider such petition and dismiss the same without a hearing if in his judgment the same shall not be set for a hearing.
(3) The expenses of such hearing or investigation, including necessary medical examinations, shall be paid by the employer or insurance carrier, and such expenses may be included in the final award. If [OWC] decides it is in the best interest of both parties to said petition that a final award be made, a decision shall be rendered accordingly and [OWC] may make an award that shall be final as to the rights of all parties to said petition and thereafter [OWC] shall have no jurisdiction over any claim for the injury or any results arising from same. If the [OWC] should decide the case should not be finally settled at the time of the hearing, the petition shall be dismissed without prejudice to either party, and [OWC] shall have the same jurisdiction over the matter as if said petition had not been filed.
B. Upon the application of any party in interest, on the ground of a change in conditions, the [OWC] may, after a contradictory hearing, review any award, and, on such review, may make an award ending, diminishing, or increasing the compensation previously awarded, *45 subject to the maximum or minimum provided in the Workers’ Compensation Act, and shall state his conclusions of fact and rulings of law, and the director shall immediately send to the parties a copy of the award.
C. This Section shall not apply to the calculation of the monthly benefit amount pursuant to R.S. 23:1221(3).
D. A petition to modify a judgment awarding benefits shall be subject to the prescriptive limitations established in R.S. 23:1209.
E. A judgment denying benefits is res judicata after the claimant has exhausted his rights of appeal.
| (¡Neither EBI nor Mr. Degrasse made an application to the OWC for the modification of the prior award. Nevertheless, this award falls within the ambit of the workers’ compensation modification statute and res judicata should not apply in this case.
Additionally, a workers’ compensation claimant is not entitled to an award for future medical expenses, but the right to claim such expenses is always reserved to him, even though the defendant’s liability for them arises only when they are incurred. LSA-R.S. 23:1203; Lester v. Southern Casualty Insurance Company, 466 So.2d 25, 27 (La.1985); Durand v. National Tea Company, 607 So.2d 573, 576 (La.App. 1st Cir.1992), writ denied, 612 So.2d 101 (La.1993); Campbell v. Luke Construction Company, 543 So.2d 1032, 1039 (La.App. 3rd Cir.1989).
In this case, EBI’s liability for future medicals did not arise until Mr. De-grasse made a claim for those benefits. Mr. Degrasse sought to enforce his right for future medicals through the second “Disputed Claim for Compensation.” Thus, the cause of action for future medical benefits requires litigation of Mr. De-grasse’s present disability status and its relation to the prior work-related injury, and that cause of action did not exist at the time of the first adjudication. Consequently, since the issue of EBI’s liability for future medicals neither existed nor was litigated in the original trial, the hearing officer’s, findings cannot be barred by res judicata. Therefore, we find that the allegations in this assignment of error are without merit.
In his second assignment of error Mr. Degrasse contends that the hearing officer erred in finding a change in circumstances to justify the conclusion that 17treatment since the first hearing was not related to the accident. EBI asserts that a showing of “changed circumstance” was not required in this case. EBI suggests that Mr. Degrasse’s second claim sought clarification of the prior award as to prejudgment interest and an adjudication of a claim for additional medical benefits not in evidence at the time of the prior trial.
Here, Mr. Degrasse suggests that the award granted in the first hearing relative to future medicals was somehow modified or changed. We disagree. In fact, the crux of the dispute below was whether EBI was responsible for the medical bills incurred by Mr. Degrasse a year after the October 1997 trial. Thus, the present appeal calls into question whether further medical benefits were necessary and not whether a “changed circumstance” occurred.
An employer has a statutory duty to furnish all necessary medical treatment caused by a work-related injury. LSA-R.S. 23:1203(A); Patterson v. Long, 96-0191 (La.App. 1st Cir.11/8/96), 682 So.2d 1327, 1334, writ denied, 96-2958 (La.2/7/97), 688 So.2d 499. The right to reimbursement for medical expenses is separate and distinct from the right to compensation. Ridlen v. St. Charles Manor Nursing Center, Inc., 94-275 (La.App. *46 5th Cir.10/12/94), 644 So.2d 244, 247, writ denied, 94-3089 (La.2/3/95), 649 So.2d 410. The question of whether the claimant is entitled to medical benefits is ultimately a question of fact, and the fact finder’s resolution of that issue may not be disturbed by the appellate court in the absence of manifest error or unless clearly wrong. Starks v. Universal Life Insurance Company, 95-1003 (La.App. 1st Cir.12/15/95), 666 So.2d 387, 391, writ denied, 96-0113 (La.3/8/96), 669 So.2d 400.
In the instant case, the hearing officer found that any treatment provided to Mr. Degrasse by Dr. Jarrott was neither causally connected nor medically [^necessary. Based upon the evidence in the record, we cannot say that the hearing officer was clearly wrong/manifestly erroneous as to this factual finding. This finding obviates discussion of Mr. Degrasse’s fourth assignment of error, and we pretermit it.
Likewise, Mr. Degrasse’s third assignment of error is also without merit. In this assignment he alleges that the hearing officer erred in finding that the first award had been fully satisfied. After review of the record we cannot say that the hearing officer’s findings were erroneous.
Finally, in Mr. Degrasse’s fifth assignment of error he contends that EBI should be condemned to pay penalties and attorney’s fees pursuant to LSA-R.S. 23:1201.2 for its failure to pay the medical bills. LSA-R.S. 23:1201.2 has been construed to mean that where there is a bona fide factual dispute as to whether the employee’s disability was work-related, the employer has “probable cause” for refusal to pay benefits. Wright v. Red Ball Motor Freight, Inc., 315 So.2d 344 (La.App. 1st Cir.1975).
The hearing officer found and the record clearly reflects that EBI’s refusal was not arbitrary or unreasonable and that a bona fide dispute existed as to whether the expenses incurred were the result of a work-related injury^ This assignment of error is without merit.
CONCLUSION
For the aforementioned reasons, the judgment of the trial court is affirmed at Mr. Degrasse’s costs.

AFFIRMED.